(No. CA80-12-0136—Decided
March 10, 1982.)

*Mr. John F. Holcomb,* prosecuting attorney, and *Mr. Gerald R. Leshner,* for appellee.

*Messrs. Nash & Kash* and *Mr. David L. Kash,* for appellant.

JONES, J. On June 25, 1980, in the early evening hours, a seventeen-year-old girl had a fight with her boyfriend and asked to be let out of his car. The girl, Vickie Hubbard, was walking down the street when defendant-appellant, Michael Riffle, called out to her and offered her a ride. They subsequently entered appellant's apartment to make a telephone call where, by Miss Hubbard's testimony, she was raped by appellant.

Appellant was arrested on July 1, 1980, and charged with rape. After preliminary proceedings, appellant was found guilty of rape by a jury and was sentenced as appears of record. From that conviction appellant brings a timely appeal to this court.

We first consider appellant's second assignment of error which reads as follows:

"The trial court erred in not instructing the jury that consent of the victim to the sexual conduct constituted a defense to the offense of rape."

The record does not reflect any objection to the jury instructions at trial. Therefore, this court need not consider this objection on appeal absent a miscarriage of justice. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], vacated insofar as it leaves undisturbed the death penalty imposed (1978), 438 U.S. 911.

The jury instructions given by the trial court certainly did not cause a miscarriage of justice. The trial court accurately instructed on the elements of rape. The case was tried and argued on the issue of consent, and the jury surely realized that the consent of the victim would have rendered the appellant not guilty of rape. The second assignment of error is overruled.

Appellant's third assignment of error alleges that the jury verdict was contrary to the manifest weight of the evidence.

This court will not reverse a jury verdict where there was substantial evidence presented which, if believed, could reasonably convince the jury that all elements of the offense had been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. In the case at bar the testimony of the complaining witness, if believed, established every element of rape. The credibility of witnesses is within the province of the jury and not this court. *State* v.

*Walker* (1978), 55 Ohio St. 2d 208 [9 O.O.3d 152]. The jury believed the testimony of the complaining witness, and this court will not substitute its judgment for that of the jury. The third assignment of error is overruled.

Appellant's first assignment of error reads as follows:

"The trial court erred in sustaining the prosecutor's objection to defense counsel's questioning of the victim as to her past psychiatric history, thereby excluding said evidence."

As noted above, the credibility of the complaining witness and the credibility of the appellant were the real issues in this case. Defense counsel knew that the complaining witness had had psychiatric treatment two years prior to trial and attempted to inquire into this on cross-examination. The trial judge sustained the prosecutor's objection to that inquiry and appellant now argues that this was an improper limitation on the scope of his cross-examination.

The question at issue asked by defense counsel in the case at bar was the following: "Vickie, you've had psychiatric treatment, have you not?" The prosecutor's objection to this question was sustained. Thereafter, a conference was held at the bench:

"Mr. Masana [defense counsel]: (Comment inaudible.)

"By the Court: You don't * * * you didn't qualify it as to when or where or what or anything else.

"Mr. Masana: Well * * * (comment inaudible.)

"By the Court: Was she treated by a psychiatrist?

"Mr. Masana: Yeah.

"Mr. Leshner [assistant prosecuting attorney]: (Comment inaudible.)

"By the Court: Huh?

"Mr. Leshner: (Comment inaudible.)

"By the Court: Huh?

"Mr. Leshner: Two years ago.

"By the Court: Yeah, I'm not going to allow it, I [have] decided not to let it in.

I'll let the other thing [in] about the accosting."

The right of an accused to cross-examine witnesses against him is universally accepted and is perhaps the most effective means available for the discovery of truth. The widest latitude of cross-examination known to law is granted in criminal cases where the liberty of an accused is at stake. *State* v. *Browning* (1954), 98 Ohio App. 8 [57 O.O. 37]. In a case such as this where the credibility of the complaining witness is the primary issue in the case, the ability of defense counsel to fully cross-examine has enhanced importance. *State* v. *Browning, supra.* Therefore the trial judge abused his discretion by limiting defense counsel's cross-examination as he did and such constituted error.

This court can not determine from the state of the record whether this error was prejudicial to appellant. The witness' responses to defense counsel's attempted questioning might have elicited responses that would have cast considerable doubt on the rest of her testimony, thereby impeaching the witness' credibility. On the other hand, her responses might have proven the inquiry to be unrelated to her credibility. However, the failure of defense counsel to demonstrate prejudice in the record by proffering the witness' response is not fatal to appellant's cause. The prosecutor admitted at the bench conference that the witness had had psychiatric treatment and we have no reason to believe that defense counsel was aware of the nature of that treatment, so as to have been in a position to make a proffer.

Based on the foregoing we remand the case to the trial court for an *in camera* examination of the witness to determine whether the exclusion of cross-examination concerning psychiatric treatment was prejudicial to appellant. If the trial court finds that the witness' testimony significantly affects her credibility, it should order a new trial. If,

on the other hand, the trial court decides to the contrary, it should enter a new judgment on the verdict of the jury.

This procedure is designed to avoid the trouble and expense of a new trial if possible while, at the same time, allowing appellant the chance to show that the trial court's ruling prejudiced his case. A nearly identical procedure was employed by the Supreme Court of Ohio in *State* v. *White* (1968), 15 Ohio St. 2d 146 [44 O.O.2d 132].

The judgment herein appealed from is reversed and the cause is remanded to the trial court for further proceedings as provided herein.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., and KOEHLER, J., concur.