**State v. Porter**
**Case No. 57830**
**Cuyahoga County, (8th)**
**Decided January 4, 1990**
[Cite as 1 AOA 290]

*For plaintiff-appellee:*
*John T. Corrigan, Prosecuting Attorney of Cuyahoga County, John Gallagher, Assistant*

*Prosecuting Attorney, The Justice Center, 1200 Ontario, Cleveland, Ohio 44113.*

*For defendant-appellant:*
*Marvin H. Hersch, Ohio Savings Building, 21033 Farnsleigh Road, Shaker Heights, Ohio 44122.*

## PER CURIAM

Appellant, Ardelia Knight, was found in contempt of the Cuyahoga County Common Pleas Court. On May 10, 1989 appellant was sentenced to thirty days jail, suspended, and fined $750, but given the opportunity to contribute $500 to crimestoppers. Appellant filed a timely notice of appeal.

The relevant facts are as follows:

Paul Porter was indicted by the Cuyahoga County Grand Jury in case number CR-231532 on two counts of aggravated arson in violation of R.C. 2909.02. Appellant witnessed Porter running from the scene of the fires. Appellant voluntarily gave a statement to the Cleveland Police Department's Fire Investigation Unit.

Appellant's home residence is in Summit County. The Cuyahoga County Sheriff sent the Summit County Sheriff a subpoena to be served on appellant requiring appellant to be in court at 9:00 a.m. on January 9, 1989. The Summit County Sheriff did not receive the subpoena until 12:53 p.m. on January 9, 1989. Therefore, the subpoena was marked "received too late, return unexecuted" and returned. On January 10, 1989 another attempt at service was made which required appellant to appear on January 17, 1989. This service was also incomplete and the subpoena was marked not found.

Porter's trial began January 17, 1989. On January 18, 1989, James Oliver, an investigator from the Cuyahoga County Prosecutor's office went to appellant's place of business at 12:30 p.m. to personally serve appellant. Mr. Oliver approached a woman in the premises and asked her if appellant was there. The woman was, in fact, appellant. Appellant denied being Ardelia Knight. Mr.Oliver testified he told the woman he was from the prosecutor's office and had a subpoena. No identification was requested by appellant or presented by Mr. Oliver. However, Oliver indicated he would return at 2:00 p.m. when Ardelia Knight was expected to be present according to information given to him by appellant. When Oliver returned at 2:00 p.m., Ardelia Knight was not present. The record further reveals that appellant was frightened of Paul Porter.

Paul Porter was subsequently granted a Crim. R. 29 motion at the closed of the state's case and discharged. On January 30, 1989 a bench warrant was issued for appellant's arrest. On March 6, 1989 a bench trial was held to determine if appellant should be held on contempt of court. On May 5, 1989 the court made its finding of contempt and sentenced appellant.

Appellant's first assignment of error follows:

DEFENDANT WAS NOT IN CONTEMPT OF COURT.

Appellant's first assignment of error lacks merit.

Appellant contends she was never served with a subpoena and cannot be held in contempt. Appellant claims she had no notice that she was required to be in court, therefore, she could not have intentionally defied a court order. Appellant's arguments are unpersuasive.

The first issue to be determined is the type of contempt contemplated herein: is it criminal or civil, direct or indirect.

> Although there has never been a clear line of demarcation between criminal and civil contempts, it is usually said that offenses against the dignity or process of the court are criminal contempt, whereas violations which are on their surface offenses against the party for whose benefit the order was made are civil contempts. Sentences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court. On the other hand, the purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliances with the lawful orders of the court.

*State* v. *Local Union 5760* (1961), 172 Ohio St. 75, 82.

There are two statutes governing contempt, *viz*, R.C. 2705.01, summary (direct) contempt and R.C. 2705.02, acts in contempt of court (indirect). Direct contempt is misbehavior in the presence of or so near the court as to obstruct the administration of justice while indirect contempt takes place out of the presence of the court. *In Re Caroll*, (1985), 28 Ohio App. 3d 6, 8. However, interference with a court officers in his attempt to execute court

process constitutes direct contempt in the constructive presence of the court. *Local union 5760, supra,* paragraph 3 of syllabus. Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court. *Local Union 5760, supra,* paragraph 4 of syllabus. The inherent power of a court to punish for contempt of court may not be limited by legislative authority. *Id.,* paragraph 1 of syllabus. In the case *sub judice,* the trial court found appellant in contempt for failure to cooperate with James Oliver, a subpoena server. Appellant was given a punitive punishment to vindicate the authority of the court. No coercive element was present. Therefore, this is direct criminal contempt as governed by R.C. 2705.01 which provides as follows:

> A court or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.

Appellant deliberately did not identify herself to James Oliver. He was at the premises acting as an agent of the court. Oliver testified he told appellant he was from the prosecutor's office and had a subpoena. Appellant acted "as to obstruct the administration of justice." Therefore, the trial court did not err in holding appellant in contempt. Accordingly, appellant's first assignment of error is not well taken and overruled.

Appellant's second assignment of error follows:

THE SENTENCE IS CONTRARY TO LAW AND BEYOND THE AUTHORITY OF THE COURT.

Appellant's second assignment of error has merit.

Appellant argues R.C. 2705.05 provides a court may impose a sentence for contempt for a first offense of not more than thirty days in jail and a fine of not more than $250. Appellant further argues the fine received, $750, exceeded the court's authority. Appellant's argument is persuasive.

R.C. 2705.05 provides in pertinent part as follows:

> If the accused is found guilty, the court

may impose any of the following penalties: (1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;

In the case *sub judice,* it was determined this was appellant's first offense, therefore, the thirty day sentence was within the confines of the statute. Appellant was also fined $750 with the opportunity to pay $500 to crimestoppers. This fine is in excess of the statutory limits for a first offense. Accordingly, appellant's second assignment of error is well taken and sustained. Case remanded for resentencing of appellant pursuant to R.C. 2705.05.

Appellant's third assignment of error follows:

THE ISSUANCE OF A BENCH WARRANT AND INCARCERATION OF ARDELIA KNIGHT WITHOUT THE WRITTEN STATEMENT IS CONTRARY TO LAW.

Appellant's third assignment of error lacks merit.

Appellant contends she was not provided with a written charge pursuant to R.C. 2705.03. Appellant's argument is unpersuasive.

R.C. 2705.03 provides in pertinent part as follows:

> In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel.

In the case *sub judice* appellant was held in contempt. The proper contempt statute, however, was R.C. 2705.01 making R.C. 2705.03 inapplicable. Additionally, appellant never raised this potential defect to the trial court until March 20, two weeks after the hearing.[1] An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State* v. *Williams* (1977), 51 Ohio St. 2d 112, paragraph one of the syllabus. Therefore, appellant may not now raise her objections.

Accordingly, the appellant's third assign-

ment of error is not well taken and overruled.

Appellant's fourth assignment of error follows:

## STANDARD OF PROOF FOR A FINDING OF CONTEMPT WAS NOT MET.

Appellant's fourth assignment of error lacks merit.

Appellant contends she was not found to be in contempt by proof beyond a reasonable doubt. Appelllant's contention is unpersuasive.

The elements of a criminal contempt charge must be proved beyond a reasonable doubt. *In Re Carroll* (1985), 28 Ohio App. 3d 6. In the case *sub judice*, appellant admits talking with Oliver.

She admits denying her identity. The only question is whether Oliver identified himself and indicated he had a subpoena. Oliver testified that he identified himself and informed appellant that he had a subpoena for Ardelia Knight.

The weight of the evidence and credibility of witnesses are primarily for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, paragraph one of the syllabus. The trial judge apparently found Oliver's testimony to be more credible than appellant's testimony. There was ample testimony to hold appellant in contempt.

Accordingly, appellant's fourth assignment of error is not well taken and overruled.

Judgment affirmed in part, reversed in part and remanded for resentencing.

This cause is affirmed in part, reversed in part and remanded for resentencing.

It is ordered that appellant recover of appellee her costs herein taxed.

It is ordered that a special mandate issue out of this Court directing the to carry this judgment into execution.

ANN McMANAMON, CHIEF JUSTICE
BLANCHE KRUPANSKY, JUDGE
JOHN F. CORRIGAN, JUDGE

---

[1] After appellant raised her claim to the trial court at a March 20, 1989 attorney conference, the trial court complied with R.C. 2705.03, even though unnecessary, and indicated the case was still open and the court would consider additional testimony and evidence at future hearings. An additional hearing was in fact held on May 5, 1989.