OPINION
This appeal is taken by defendant-appellant Kenneth P. Schaade from a guilty verdict in the Common Pleas Court of Seneca County.
On October 22, 1996, an undercover police officer purchased cocaine at Schaade's home. Schaade was indicted on January 8, 1997, for complicity to trafficking in cocaine, a violation of R.C. 2923.03 and 2925.03. A jury trial was held on May 29-30, 1997, and Schaade was found guilty. On June 12, 1997, Schaade was sentenced to one year in prison.
Schaade claims the following assignments of error.
 The court erred to the prejudice of Schaade by allowing the State to introduce evidence of the fact of polygraph testing of one of the State's key witnesses.
 The State engaged in material and prejudicial misconduct so as to deny Schaade a fair trial by questioning one of the State's key witnesses about the taking of a polygraph test.
 Schaade was denied the effective assistance of counsel afforded to him by the Sixth Amendment of the United States Constitution where defense counsel did not object to the introduction of evidence at trial of a polygraph test conducted on one of the State's key witnesses.
 The weight of the evidence is insufficient to support a verdict of guilty upon a charge of complicity to trafficking in cocaine.
In this case, defense counsel did not object to the alleged error at trial. Failure to object at trial to the admission of evidence waives any claim of error absent plain error. State v.Williams (1977), 51 Ohio St.2d 112, 5 O.O. 98, 364 N.E.2d 1364.
 Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. . . . "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.
State v. Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643,657.
Schaade claims that the trial court committed plain error by allowing the State to bring up the polygraph on redirect. However, the polygraph was a part of the plea bargain requirements, which were raised by the defense during cross-examination. Thus, the State had the right to inquire as to the other terms of the plea bargain, including the fact that a polygraph was taken. The State could not ask what the results of the polygraph were and they did not do so. The witness volunteered those results and Schaade objected. The trial court sustained that objection and instructed the jury to disregard the answer.
In order to rise to the level of plain error, the alleged error must be so serious that absent it, the result of the trial would have been different. Here, there was testimony from multiple witnesses as to what occurred during the cocaine buy. There is also testimony that Schaade arranged the buy. Thus, we cannot say that absent the mention of the polygraph, the result of the trial would have been different. Schaade's first assignment of error is overruled.
Schaade's second assignment of error argues that the State engaged in misconduct when it asked about the polygraph. The defense failed to object to the alleged misconduct. When a defendant fails to object to the alleged misconduct when it occurs, the issue is waived absent plain error. State v.Phillips, supra. Since we have already determined that the trial court's rulings concerning the polygraph do not rise to the level of plain error, Schaade's second assignment of error is overruled.
Schaade's fourth assignment of error is that the verdict of guilty is against the manifest weight of the evidence. When reviewing a jury verdict in a criminal case, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274, 574 N.E.2d at 504.
The elements of the crime charged in this case are that Schaade knowingly aided another to sell a controlled substance. Officer Stahl testified that he had arranged to purchase cocaine from Schaade. When he arrived, Chad Dire handed him the cocaine and took the money at the direction of Schaade. Stahl further testified that Schaade was present during the entire transaction and discussed making future sales to Stahl. Dire testified that Schaade gave him the cocaine to give to Stahl and Schaade directed him to collect $225.00 for it. Dire took the money into Schaade's house and placed it on the counter. Schaade then came in the house and gave Dire $10.00 for his part in the transaction. Based upon this testimony, the jury could reasonably conclude that Schaade had committed the offense charged. Thus, the verdict is not against the manifest weight of the evidence and Schaade's fourth assignment of error is overruled.
Schaade's third assignment of error is that he was denied effective assistance of counsel when his attorney failed to object to the statement by the witness that he had taken a polygraph. Counsel will only be found to be ineffective where appellant demonstrates that the representation failed to meet an objective standard of reasonable representation and resulted in prejudice.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. "To warrant reversal, '[t]he [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Bradley (1989), 42 Ohio St.3d 136,142, 538 N.E.2d 373, 380. This burden is placed upon the appellant because a licensed attorney is presumed competent in Ohio. State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128.
Here, Schaade claims that his attorney failed to act effectively because he did not object to the statement that Dire had taken a polygraph, only to the statement of the results. Schaade claims that the mention of the polygraph elevated the Dire's credibility before the jury. However, this allegation ignores the testimony of the other witnesses. The failure to object to the statement about the polygraph was not prejudicial because doing so would not result in a different outcome. Therefore, Schaade's third assignment of error is overruled.
The judgment of the Common Pleas Court of Seneca County is affirmed.
Judgment affirmed.
HADLEY and EVANS, JJ., concur.