THE STATE OF OHIO, APPELLEE, v. WILLIAMS, APPELLANT.

[Cite as State v. Williams (1977), 51 Ohio St. 2d 112.]

(No. 76-1250—Decided July 20, 1977.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas J. Sammon* for appellee.

*Messrs. Gold, Rotatori, Messerman & Schwartz* and *Mr. Gerald A. Messerman,* for appellant.

O'NEILL, C. J. Appellant presents four propositions of law.

## I.

In his first proposition of law, appellant contends that the trial court denied him a fair trial in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Appellant supports this contention with three arguments.

First, citing *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88, and *Mullaney* v. *Wilbur* (1975), 421 U. S. 684, appellant complains that the trial judge improperly charged that the burden of proving the affirmative defense of self-defense is upon the defendant, and that it must be established by a preponderance of the evidence.

Second, appellant argues that the trial court failed to properly instruct the jury on all the essential elements of the crime of aggravated robbery.

Third, appellant contends that the statutory definitions* of "reasonable doubt" and "proof beyond a reasonable doubt" are a substantial departure from constitutional principles measuring the adequacy of proof in criminal cases. Specifically, appellant complains of the following language contained in R. C. 2901.05(D):

"* * * 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affiars."

This court need not address this proposition of law

---

*R. C. 2901.05(D) reads as follows:

" 'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

as the appellant failed to object to the jury instructions. He likewise failed to raise any of these issues in the Court of Appeals. This court has consistently held that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State* v. *Gordon* (1971), 28 Ohio St. 2d 45, 276 N. E. 2d 243; *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83, 267 N. E. 2d 291; *State* v. *Davis* (1964), 1 Ohio St. 2d 28, 203 N. E. 2d 357; *State* v. *Glaros* (1960), 170 Ohio St. 471, 166 N. E. 2d 379. "Any other rule," this court stated in *State* v. *Driscoll* (1922), 106 Ohio St. 33, 138 N. E. 376, at 39, "would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error." See Crim. R. 30.

The fact that the appellant raises a federal constitutional question does not change this court's conclusion. It is an established rule of long-standing in this state that a criminal constitutional question can not be raised in the Supreme Court unless it is presented and urged in the court below. *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 272 N. E. 2d 347; *State* v. *Wallen* (1971), 25 Ohio St. 2d 45, 266 N. E. 2d 561; *State* v. *Lisiewski* (1969), 20 Ohio St. 2d 20, 252 N. E. 2d 168; *State* v. *Jones* (1965), 4 Ohio St. 2d 13, 211 N. E. 2d 198; *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, 213 N. E. 2d 179; *State* v. *Davis, supra* (1 Ohio St. 2d 28); *Stephenson* v. *State* (1928), 119 Ohio St. 349, 164 N. E. 359; *State* v. *Wirick* (1910), 81 Ohio St. 343, 90 N. E. 937.

This principle is widely recognized by courts of last resort in other states, *People* v. *Friola* (1962), 11 N. Y. 2d 157, 182 N. E. 2d 100; *People* v. *Gallegos* (1971), 4 Cal. 3d 242, 481 P. 2d 237; *State* v. *York* (Iowa 1973), 211 N. W.

2d 314; *State* v. *Albers* (N. D. 1973), 211 N. W. 2d 524; *State* v. *Thomas* (Minn. 1975), 232 N. W. 2d 766; *Shorey* v. *State* (1962), 227 Md. 385, 177 A. 2d 245, certiorari denied, 371 U. S. 928, and by the United States Supreme Court. Thus, in *Mapp* v. *Ohio* (1961), 367 U. S. 643, 659, in fn. 9, it is stated:

"As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

Moreover, in so holding this court finds no miscarriage of justice in the instant cause. The exculpatory testimony of the appellant's witness finds little support in the record. Through an array of 19 witnesses and 51 exhibits, the state presented convincing evidence indicative of the appellant's guilt.

This proposition of law is rejected.

## II.

Appellant, in his second proposition of law, contends that the trial court denied him a fair trial by allowing the prosecutor to improperly cross-examine the appellant's defense witness.

Duncan, appellant's only witness, testified that he had shot the victim in self-defense. The prosecutor, in cross-examining Duncan, asked the following:

"Q. * * * Is it a fact that Mr. Williams was the leader of a Black Muslim Group?

"Mr. Peppers: Objection.

"Mr. Corsi: Objection.

"The Court: Overruled.

"Q. Is it a fact that Mr. Williams is a leader of a Black Muslim Group?

"Mr. Peppers: Objection your Honor. May we approach the bench?

"The Court: Overruled. Overruled.

"Q. Did you ever associate with Mr. Williams with other members of a Black Muslim community?

"Mr. Corsi: Objection.

"The Court: Overruled.

"A. No.

"Q. And isn't it a fact that you are testifying here today because Mr. Williams told you to testify here for him?

"Mr. Peppers: Objection, your Honor.

"The Court: Overruled.

"A. No."

The point of these questions was apparently to discredit Duncan by showing or suggesting to the jury a reason for his appearing and testifying on behalf of the appellant. There is nothing in the record to indicate any foundation for these questions. The attempt to communicate by innuendo through the questioning of witnesses when the questioner has no evidence to support the innuendo is improper. *Richardson* v. *United States* (C. A. 6, 1945), 150 F. 2d 58; *People* v. *Di Paolo* (1962), 366 Mich. 394, 115 N. W. 2d 78; *State* v. *Flowers* (1962), 262 Minn. 164, 114 N. W. 2d 78. See, also, 6 Wigmore on Evidence (3 Ed.), Section 1808 (2) (1940); A. B. A. Standards Relating to the Prosecution Function, Section 5.7(d) (1970). Upon consideration of the record, this court holds this error to be harmless. *Chapman* v. *California* (1967), 386 U. S. 18.

This proposition of law is rejected.

### III.

Appellant contends, in his third proposition of law, that he was denied effective assistance of counsel. Three separate grounds are presented.

Appellant claims error in the court's failure to give notice to counsel of the prosecutor's motion to take a blood sample. This motion was apparently granted *ex parte* several days after arraignment and appointment of counsel.

This claim of error is well taken, because counsel certainly should have been notified of the proposed blood test. However, it is equally evident that this error did not prejudice the appellant. See *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, 358 N. E. 2d 623.

Appellant claims further that his counsel was ineffective in failing to file a motion to suppress and in failing to object to the court's charge.

The court need not address these arguments. They are

of a constitutional nature and they were not raised in the Court of Appeals. *State* v. *Phillips, supra.*

This proposition of law is rejected.

IV.

In his fourth proposition of law, appellant complains that the statutory framework for the imposition of the death sentence in Ohio is unconstitutional. This proposition was rejected in *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 357 N. E. 2d 1035.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., concurs in the judgment only.

CELEBREZZE, J., not participating.

LOCHER, J., concurring in judgment only. This decision is but a prelude to the score of forthcoming judicial waltzes necessitated by continued adherence to *State* v. *Robinson* (1976), 47 Ohio St. 2d 103.

The majority's opinion aptly alleviates the visible symptoms and arrives at the correct judgment, but the underlying malady remains untreated. This cosmetic treatment of the instant cause not only infers acceptance of, but is a direct result of, *State* v. *Robinson, supra.*

I must, therefore, concur in the judgment only for the reasons I have stated in *State* v. *Humphries* (1977), 51 Ohio St. 2d 95.