The STATE of Ohio, Appellant,

v.

PAUL, Appellee.

[Cite as *State v. Paul* (1993), 87 Ohio App.3d 309.]

Court of Appeals of Ohio,
Medina County.

No. 2181–M.

Decided April 21, 1993.

*Page C. Schrock III,* Medina County Prosecuting Attorney, for appellant.
*L. Ray Jones,* for appellee.

---

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of the state of Ohio from judgment in the Wadsworth Municipal Court granting William M. Paul's motion

to suppress evidence. The trial court found that the state did not establish that the "real" owner consented to a search of a motor vehicle in which a deputy sheriff found two bags of marijuana.

Close to midnight, an off-duty police officer, working as a security guard for a private company, observed a vehicle and several persons behind a public elementary school. He ran the license plate number through the police computers and learned that the license plates on the vehicle did not match the vehicle. He contacted the Medina County Sheriff's Department to investigate.

Deputy Herte arrived at the school and observed the parked vehicle, with two men standing outside the car and three passengers, including Paul, in the rear seat. Deputy Herte approached the two men outside the vehicle. One of the men, James Rose, informed the deputy that he owned the vehicle. Rose explained that he had recently purchased the vehicle, and had not yet obtained new license plates. Deputy Herte asked Rose for permission to search the vehicle, and Rose consented to the search.

Deputy Herte walked over to the vehicle and asked the three passengers to exit the vehicle. The deputy searched the vehicle and found empty beer cans in the front seat and two bags of marijuana in the back seat of the car. Deputy Herte inquired of Rose as to the ownership of the bags of marijuana. Rose said one bag belonged to William Paul and the second belonged to another passenger. When asked if the marijuana belonged to him, Paul admitted that he was the owner of one bag of marijuana.

Deputy Herte issued a minor misdemeanor citation for possession of marijuana, R.C. 2925.11(A). Paul pled not guilty and moved to suppress the evidence obtained from the search of the motor vehicle, and his admission that the marijuana found during the search was his. After a hearing on the motion, the trial court ruled that the state did not establish who was the real owner of the vehicle or that the real owner had given consent to search the vehicle. The state appeals the trial court's ruling, pursuant to Crim.R. 12(J), and asserts two assignments of error.

## Assignment of Error No. I

"The defendant lacked standing to raise a Fourth Amendment objection to the search of a motor vehicle in which he was a passenger."

The record indicates that the state did not raise the issue of Paul's standing to assert a Fourth Amendment objection in the trial court. Absent plain error, a reviewing court need not consider an error which was not

addressed to the trial court at the time when such an error could have been avoided or remedied by the trial court. App.R. 12(A)(2); *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, sentence vacated (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156; *State v. Self* (1990), 56 Ohio St.3d 73, 81, 564 N.E.2d 446.

We overrule the state's first assignment of error.

### Assignment of Error No. II

"The trial court incorrectly determined that it was necessary for the state to prove that the person granting consent to the search of a motor vehicle was the owner of that vehicle."

■ The Fourth Amendment to the United States Constitution guarantees every citizen the right to be free from *unreasonable* searches and seizures. Evidence acquired in violation of the Fourth Amendment is inadmissible in both the state and federal courts. *Mapp v. Ohio* (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090. A search conducted without a warrant and without probable cause usually violates the Fourth Amendment, unless there is consent to the search. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 2044, 36 L.Ed.2d 854, 858. In order to be valid, however, the consent must be voluntary, which "is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227, 93 S.Ct. at 2048, 36 L.Ed.2d at 862. It is also accepted that one with authority over the premises may permit a warrantless search. *State v. Greer* (1988), 39 Ohio St.3d 236, 240, 530 N.E.2d 382, 390, citing *Schneckloth, supra.*

■ In this case, the trial court held that only the "real" owner had authority to permit the search of the motor vehicle. The question may be, how much does an officer have to do to identify the real owner? Our review of the record indicates that (1) Rose told the deputy sheriff that he owned the car; (2) Rose had the keys of the car in his possession; (3) four other adults were present and no one objected when Rose said he was the owner; and (4) no one objected to the search. Does the officer have to do more? Prior to arriving at the scene, the deputy sheriff knew that the license plates did not match the vehicle. Rose, however, had an explanation for the mismatch, that is, he had just purchased the car and had not yet gotten license plates. At some point, the deputy sheriff learned that the car was titled to yet another third party. However, upon arriving at the scene, the deputy went to talk with the two adults outside the vehicle and obtained Rose's permission to search the vehicle. He then went to the vehicle and began his search. It was only after obtaining permission that the deputy was close enough to the vehicle to obtain the serial number for a VIN

search to determine the title owner. The record is silent as to when the deputy actually performed the search.

 To address the issue of third party consent, the United States Supreme Court established a "reasonable belief" standard. *Illinois v. Rodriquez* (1990), 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148. The standard provides that the reasonable belief of a police officer that the third party giving consent had authority over the premises makes the search reasonable and valid. *Id.* at 188, 110 S.Ct. at 2801, 111 L.Ed.2d at 161. As with other factual determinations, the consent is judged against what a reasonable person would believe, given the facts available to the officer at the moment. *Id.*

The state's second assignment of error is well taken. The state is not required to prove that the person granting consent was the owner, if the trier of fact determines that the deputy sheriff's belief that Rose was the owner was reasonable, in light of all the circumstances. The judgment of the trial court is reversed, and the cause is remanded to the trial court for action in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE and DICKINSON, JJ., concur.