**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 229.]**

THE STATE OF OHIO, APPELLEE, *v.* CARROLL, APPELLANT.

[Cite as *State v. Carroll*, 1996-Ohio-10.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when no colorable issue of ineffective assistance of appellate counsel raised.*

(No. 95-1030—Submitted September 12, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Lorain County, Nos. 93CA005775 and 94CA005814.

————————

{¶ 1} Appellant, Jack Lynn Carroll, was convicted of four counts of aggravated drug trafficking, and one count each of drug abuse, having weapons under disability, unlawful possession of dangerous ordnance, possession of drug abuse paraphernalia, and permitting drug abuse. The Court of Appeals for Lorain County affirmed appellant's convictions, but reversed the trial court's order requiring forfeiture of appellant's residence and remanded the case for the trial court to ascertain whether the forfeiture constituted an excessive fine under the state and federal Constitutions.

{¶ 2} Appellant filed a timely application to reopen his direct appeal, alleging numerous issues of ineffective assistance of appellate counsel. The court of appeals thoroughly reviewed the application for reopening pursuant to App. R. 26(B), held that appellant had failed to raise a colorable issue of ineffective assistance of appellate counsel, and denied appellant's application. Appellant now appeals to this court.

————————

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Lisa A. Locke Graves*, Assistant Prosecuting Attorney, for appellee.

*Jack Lynn Carroll*, *pro se*.

_____

**Per Curiam.**

{¶ 3} We affirm the decision of the court of appeals.  Appellant principally argues that his appellate counsel had a conflict of interest because she shared office space with his trial counsel.  The court of appeals found no conflict of interest.  We agree.  Accordingly, appellant has not shown the deficient performance of counsel and resultant prejudice required under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, nor has he shown the presumption of prejudice which arises when a defendant demonstrates that counsel actively represented conflicting interests and that the actual conflict of interest adversely affected counsel's performance, as required under *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333.  See, also, *State v. Haberek* (1988), 47 Ohio App. 3d 35, 38, 546 N. E. 2d 1361, 1365.

{¶ 4} In his third proposition of law, appellant raises several issues he alleges as trial errors, but without relating them to the effective assistance of counsel issue.  Applications under App. R. 26(B) relate only to the issue of the effective assistance of appellate counsel.  Therefore, these issues have no merit.

{¶ 5} In his fourth proposition of law, appellant argues that App. R. 26(B) denies him due process because no appellate counsel was appointed and a ten-page limit was imposed on briefs in the application for reopening.  These issues were apparently not raised in the court of appeals, and we do not consider them for the first time on appeal.  *State v. Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N. E. 2d 1364, paragraph two of the syllabus.

{¶ 6} The judgment of the court of appeals denying the application to reopen is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

———————————