OPINION
Defendant-appellant Ronnie J. Hensley appeals his conviction and sentence on one count of failure to control (R.C. 4511.202) entered by the Lancaster Municipal Court. Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE FACTS AND CASE
Appellant was involved in a single vehicle accident on July 2, 1997, while operating a semi-tractor rig. Appellant was served with a traffic citation on July 4, 1997, bearing ticket number SD10130.
Appellant appeared in Lancaster Municipal Court on July 17, 1997, pursuant to order contained on ticket number SD10130. Apparently, the Ohio State Patrol had not forwarded this citation to the court and the trial court dismissed the case that same day.
On July 31, 1997, appellant was issued a second citation bearing ticket number SD10137. Appellant was arraigned on said charge on August 7, 1997, and a trial to the bench was held on August 25, 1997. Appellant appeared pro se at trial.
During trial, appellant brought to the trial court's attention the fact that the prior citation had been dismissed "due to lack of evidence." (Tr. at 18). Appellant did not make a motion to dismiss on the basis of speedy trial.
Following trial, the trial court found appellant guilty and entered sentence. It is from that conviction and sentence appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO DISMISS THIS CASE FOR VIOLATION OF REVISED CODE 2945.71, ET SEQ., THE SPEEDY TRIAL RULE. WHEN A SPEEDY TRIAL VIOLATION IS MANIFEST FROM THE RECORD, IT IS PLAIN ERROR FOR THE TRIAL COURT TO FAIL TO DISMISS A MINOR MISDEMEANOR INVOLVING A PRO SE DEFENDANT.
We overrule this assignment of error.
Herein, appellant argues once the trial court was made aware of the prior dismissal from which it was clearly apparent that the trial was commenced beyond the time limits specified under R.C.2945.71(A), and because strict procedural requirements should be relaxed when dealing with a pro se defendant, the trial court committed plain error by not sua sponte dismissing the case. We disagree.
Appellant concedes he did not make a motion to dismiss on speedy trial grounds. Having failed to do so, we find he waived any such claim or error. State v. Williams (1977), 51 Ohio St.2d 112.
The judgment of the Lancaster Municipal Court is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA57
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court is affirmed.
[1] Appellee did not file a brief in this Court.