[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Mark A. Harney ("Harney") from a judgment of the Common Pleas Court of Crawford County.
On November 18, 1997, Harney arrived at his ex-girlfriend's home. At that residence, Harney struck Phillip Zehner ("Zehner") in the face with a piece of cable. The altercation then moved outside as Zehner and Delbert Williams tried to restrain Harney until the police arrived. Zehner required seven stitches to repair the cut above his eye where the cable struck him.
On December 8, 1997, the grand jury indicted Harney for felonious assault. A jury trial was held on February 11 and 12, 1998. The jury found Harney guilty and he was sentenced to five years in prison.
Harney asserts the following assignments of error:
 The trial court erred in its admission of testimony regarding "other acts," which testimony denied Harney a fair trial.
 The trial court erred in failing to allow Harney to enter a guilty plea.
 The trial court erred in permitting the conviction of Harney for felonious assault where the State failed to prove its case against Harney beyond a reasonable doubt.
Harney claims in his first assignment of error that the trial court erred in admitting the "other acts" testimony. The admission of evidence is left to the discretion of the trial court and will be reviewed on an abuse of discretion basis. State v.Awkal (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. At the trial, defense counsel failed to object to the "other acts" testimony. Failure to object at trial to the admission of evidence waives any claim of error absent plain error. State v. Williams (1977),51 Ohio St.2d 112, 364 N.E.2d 1364.
 Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. . . . "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.
 State v. Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643.
Here, Harney claims that the "other acts" testimony prejudiced his right to a fair jury. However, even if the testimony should not have been admitted, it does not rise to the level of plain error. Several witnesses testified that they saw Harney strike Zehner with the cable in the doorway of the apartment. Zehner testified that Harney struck him in the face with the cable and the resulting cut required stitches. The jury also saw photographs of the injury. Therefore, we cannot find that the result clearly would have been different if the "other acts" testimony was not admitted. The first assignment of error is overruled.
In the second assignment of error, Harney claims that the trial court erred in failing to accept his guilty plea. Crim.R. 11(C)(2) provides as follows:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
In this case, Harney attempted to change his plea pursuant to a plea agreement before the second day of trial. The trial court addressed Harney to determine if the plea was voluntary as follows:
 The Court: Are you freely entering into this plea? Oh, I should say I'll state the other agreement on record, just like —
 The Defendant: Yes, sir, I'm freely doing this because I feel that it's in my best interests.
The Court: Okay.
The Defendant: And as far as jail time —
 The Court: I'll tell you, that's not the words I want to hear.
The Defendant: I understand, sir.
 The Court: And you ought to know it's the words I don't want to hear. And we've got the tail wagging the dog again. If you want to continue on a trial, we have twelve people right here we'll bring in.
The Defendant: No, sir.
 The Court: Now, you know, I'm not going to have the record indicate that you're saying, well it's in your best interests or you're going to rely upon your attorney. If you did it, I want you to tell me. If you didn't do it, I want you to tell me that, and we'll continue with the jury trial.
* * *
 The Defendant: I'd like to plead guilty to this because I did strike him with that. But in my opinion, it was in self-defense. Also, I was — I never entered the building whatsoever, and I was — as a matter of fact, I was clear down in J5 and stopped there. They came to me —
The Court: Hold it a second. Yes.
The Defendant: Did I catch it?
The Court: I'm listening.
 The Defendant: Okay. Like I said, I was at J5, and they stopped me there. I was on my way out to go home on my business, on my way, and they stopped me.
 I turned around, and they came at me, ran all the way down there. I waited on them. They attacked me. And during the struggle — of course, you know, there was a struggle.
 And before the guy actually went over to his car, he said, "I'm going to go get something." He said, "I got something for your ass."
 He goes to his car. Before he even gets back, the other guy is already attacking.
 The Court: Wait a minute. I'm not going to let you enter a plea because you might have a valid defense.
Transcript 227-229. The trial court then continued with the trial without objection from either party. Based upon the statements made by Harney, the trial court reasonably could have believed that Harney was not voluntarily entering the plea. Thus, the trial court correctly refused to accept the guilty plea.
Harney also argues that his sentence should be reduced to that offered by the State under the terms of the plea bargain. Harney claims that by refusing to accept the plea, the trial court caused Harney to receive a longer sentence. However, this argument is not persuasive because Harney had no guarantee that the trial court would impose the lighter sentence recommended by the State in exchange for the guilty plea. The trial court is not bound by the plea agreement and can enter the sentence it finds to be appropriate regardless of the State's recommendation. Therefore, Harney's second assignment of error is overruled.
The third assignment of error claims that the verdict was against the manifest weight of the evidence. When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274.
Here, Harney was charged with causing serious physical injury to Zehner. Testimony was presented that Harney struck Zehner with the cable, thus cutting Zehner's face. One witness testified that she saw the blood running down Zehner's face immediately after Harney hit him. This testimony, when viewed in a light most favorable to the prosecution, is sufficient for the jury to find Harney guilty of the crime charged. Therefore, Harney's third assignment of error is overruled.
The judgment of the Common Pleas Court of Crawford County is affirmed.
Judgment affirmed.
 EVANS and HADLEY, JJ., concur.