OPINION
Appellant William Lane is appealing his conviction, in the Licking County Municipal Court, for one count of obstructing official business and one count of failure to display license upon demand of police officer. Appellant was cited for these two violations on May 15, 1998. This matter proceeded to a jury trial on July 16, 1998. Following deliberations, the jury found appellant guilty of the above charges. The trial court sentenced appellant accordingly.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. ACCORDING TO BLACK'S LAW DICTIONARY, 5TH ED., P. 10 ABUSE OF DISCRETION IS SYNONYMOUS WITH A FAILURE TO EXERCISE A (SIC) SOUND, REASONABLE AND LEGAL DISCRETION. ABUSE OF DISCRETION IS ALSO ANY UNREASONABLE, UNCONSCIONABLE AND ARBITRARY ACTION TAKEN WITHOUT PROPER CONSIDERATION OF FACTS AND LAW PERTAINING TO MATTER SUBMITTED. IN THIS CASE, THE LOWER COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE FACTS AND LAW PRESENTED REGARDING: (1) THE AUTHORITY OF THE LOWER COURT TO PROCEED AGAINST APPELLANT WITHOUT HAVING SUBJECT MATTER JURISDICTION, (2) THE AUTHORITY OF THE LOWER COURT TO PROCEED AFTER THE STATUTE OF LIMITATIONS HAD EXPIRED AND (3) THE FIDUCIARY DUTY OF THE JUDGE TO PROTECT THE UNALIENABLE RIGHTS OF THE PEOPLE.
 II. ACCORDING TO BLACK'S LAW DICTIONARY, 5TH ED., DUE PROCESS MEANS THAT NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY OR OF ANY RIGHT GRANTED HIM BY STATUTE, UNLESS MATTER INVOLVED FIRST SHALL HAVE BEEN ADJUDICATED AGAINST HIM UPON TRIAL CONDUCTED ACCORDING TO ESTABLISHED RULES REGULATING JUDICIAL PROCEEDINGS, AND IT FORBIDS CONDEMNATION WITHOUT A HEARING. DUE PROCESS MEANS A LAW WHICH HEARS BEFORE IT CONDEMNS, WHICH PROCEEDS ON INQUIRY AND RENDERS JUDGMENT ONLY AFTER TRIAL. IF ANY QUESTION OF FACT OR LIABILITY BE CONCLUSIVELY PRESUMED AGAINST ANYONE, IT IS NOT DUE PROCESS OF LAW. THE RECORD IN THIS CASE SHOWS THAT THERE WAS NO PROOF OF SUBJECT MATTER JURISDICTION BY THE PROSECUTION EVEN THOUGH PROPERLY CHALLENGED BY APPELLANT AND MANY QUESTIONS OF FACT OR LIABILITY WERE CONCLUSIVELY PRESUMED AGAINST APPELLANT.
 III. BLACK'S LAW DICTIONARY DEFINES MALICIOUS PROSECUTION AS "ONE BEGUN IN MALICE WITHOUT PROBABLE CAUSE TO BELIEVE THE CHARGES CAN BE SUSTAINED." THE TRIAL IN THE LOWER COURT WAS BEGUN IN MALICE BECAUSE THE STATUTE OF LIMITATIONS (30 DAYS) HAD EXPIRED ON THE MINOR MISDEMEANOR VIOLATION OF JOHNSTOWN ORDINANCE 337.04; HOWEVER, BY PROCEEDING EVEN AFTER THE STATUTE OF LIMITATIONS HAD EXPIRED, THERE COULD HAVE BEEN NOTHING BUT MALICE AFORETHOUGHT FOR THE CASE TO PROCEED.
 IV. BLACK'S DEFINES FRAUD AS "A FALSE REPRESENTATION OF A MATTER OF FACT, WHETHER BY WORDS OR BY CONDUCT, BY FALSE OR MISLEADING ALLEGATIONS, OR BY CONCEALMENT OF THAT WHICH SHOULD HAVE BEEN DISCLOSED, WHICH DECEIVES AND IS INTENDED TO DECEIVE ANOTHER SO THAT HE SHALL ACT IT TO HIS LEGAL INJURY."
 I, II, III, IV
Upon review of appellant's brief, we will address all four of appellant's assignments of error simultaneously as it appears the crux of appellant's argument concerns the lack of enacting clauses which appellant claims resulted in the trial court not having subject matter jurisdiction in this matter.
Section 15(B), Article II, of the Ohio Constitution requires all statutes to have an enacting clause. Appellant first argues that without the required enacting clauses, the statutes are void and the trial court therefore lacked subject matter jurisdiction. The charge of obstructing official business is in violation of Johnstown Ordinance No. 525.07. The charge of failure to display license is in violation of Johnstown Ordinance No. 335.06.
Appellant did not raise the enacting clause issue at the trial court level and therefore, raises this argument for the first time on appeal. Further, the record does not even contain a copy of the Johnstown Ordinance, which appellant seeks to challenge, for this Court to review. An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
Although the matter of subject matter jurisdiction may be raised for the first time on appeal, in the case sub judice, appellant raises this matter, on appeal, but does not attach a copy of the ordinances he is challenging. Therefore, we have nothing to review on appeal to address the arguments raised by appellant. Thus, we will presume the constitutionality of the ordinances under which appellant was convicted.
Appellant's first, second, third and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.