OPINION
On January 30, 1998, appellant was charged with driving under the influence in violation of R.C. 4511.19.
On February 13, 1998, appellant filed a motion to dismiss claiming his stop and arrest were invalid, and the arresting officer did not complete the citation as required by Traf.R. 3(E). By judgment entry filed February 18, 1998, the trial court denied said motion.
On March 6, 1998, appellant filed a motion to exclude certain testimony and suppress all evidence. By judgment entry filed May 6, 1998, the trial court denied said motion.
On June 15, 1998, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to ninety days in jail, sixty days suspended, and imposed a $450 fine plus court costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO DISMISS FILED FEBRUARY 13, 1998.
II
THE JUDGMENT OF GUILTY IS ERRONEOUS.
III
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED MARCH 6, 1998.
IV
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN SENTENCING APPELLANT.
V
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR VIOLATING R.C. 4511.19(A)(1).
 I
Appellant claims the trial court erred in denying his motion to dismiss. We disagree.
In his motion to dismiss filed February 13, 1998, appellant argued his arrest was invalid because it was done by a non-uniformed officer in an unmarked vehicle in violation of R.C.4549.13 through R.C. 4549.16 and Evid.R. 601(C). Evid.R. 601(C) states as follows:
Every person is competent to be a witness except:
 (C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute.
By judgment entry filed February 18, 1998, the trial court found this argument was an issue of competency to testify rather than a broad based challenge to the citation. The trial court further found the citation to be sufficient on its face.
Upon review, we concur with the trial court's analysis. Appellant's argument is clearly an issue of competency to testify which could have been pursued at trial. Because there was no trial sub judice, there is no record to demonstrate Evid.R. 601(C) would have been violated.
Assignment of Error I is denied.
 II
Appellant claims his conviction was contrary to law. We disagree.
Appellant argues his conviction was erroneous because it was based upon a citation citing a violation of R.C. 4511.19 without citing a subsection. This is the first time appellant has raised this issue. Although appellant filed numerous motions to dismiss, he never challenged the sufficiency of the citation. On June 15, 1998, appellant pled no contest with no challenge to the citation.
In order to preserve an error for review, one must raise the issue in the trial court. State v. Maurer (1984), 15 Ohio St.3d 239; State v. Williams (1977), 51 Ohio St.2d 112. Further, we note the citation indicates the breath test result was .213 percent.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in denying his multi-branched motion filed March 6, 1998. We agree in part.
Appellant's first two branches of his motion [issues related to Evid.R. 601(C)] have been addressed in Assignment of Error I. In Branch 3, appellant moved to suppress his breath test result for failure to follow the rules and regulations of the Department of Health. Without holding a hearing, the trial court held as follows:
 Branch 3 of the Defendant's motion is likewise overruled. It is not incumbent upon the State of Ohio to provide the Defendant, through discovery with evidence of full compliance of Ohio Department of health and Ohio Administrative Code regulations. Additionally, Branch 3 as well as most of Branch 2 is unintelligible to the Court.
See, Judgment Entry filed May 6, 1998.
Although we find the wording of Branch 3 to be tortured, we find it raises an issue of merit. The trial court should have granted a hearing on the issue.
Assignment of Error III is granted in part and denied in part.
 IV, V
Based upon our decision in Assignment of Error III, these assignments of error are moot.
The judgment of the Municipal Court of Licking County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed and remanded to said court for hearing on appellant's breath test result.