DECISION.
Defendant-appellant, James Salvato, Jr., appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted of possession of lysergic acid diethylamide ("LSD"), after a no-contest plea. Salvato filed a motion to suppress the evidence against him, arguing that the LSD was discovered pursuant to an unlawful search of his backpack. The trial court denied that motion. On appeal, Salvato claims that the trial court erred in failing to suppress the evidence.
Initially, we note that the state has suggested on appeal for the first time that Salvato has no standing to object to the seizure and search of his backpack. Because the state failed to raise that argument in the trial court proceedings, the state has waived that argument.[1]
The controlled substance that Salvato was convicted of possessing was located inside his backpack, which was sitting on the back seat of a car belonging to an acquaintance of his. This acquaintance and another person were sitting in the car outside of a building in which a large party was occurring. A police officer noticed several teen-aged individuals sitting behind the car and saw two people sitting in the car. As the officer approached the car, the two occupants of the car got out and began walking toward the officer.
When the officer got near the car, he observed a "blunt" cigar sitting on the front seat on the passenger side. "Blunt" cigars are cigars that have had the tobacco taken out and replaced with marijuana. The person who had been sitting in the passenger seat of the car admitted that the blunt cigar belonged to him. The officer also noticed that several bags of what appeared to be marijuana were strewn around the parking lot, including the area right next to the car.
The officer then observed a backpack sitting in the back seat of the car. Both of the individuals denied owning the backpack, saying it belonged to another person at the party. The officer removed the backpack from the car, opened it, and found a pipe, a scale, a large sum of money, what appeared to be marijuana, and several doses of LSD. The officer also found a wallet in the backpack containing Salvato's driver's license.
Salvato was retrieved from the party and acknowledged ownership of the backpack. He was arrested and charged with possession of a controlled substance.
An officer who has probable cause to search an automobile may search all packages and containers inside the car if he has probable cause to believe that the package or container contains contraband.[2] In this case, we believe that the officer had probable cause to search the car and, therefore, all of the containers in the car.
The officer observed a blunt cigar, containing marijuana, inside the car. He had seen two persons sitting in the car as he walked up. There were baggies containing what looked like marijuana on the ground outside the car. These facts provided the officer with probable cause to believe that the car contained more contraband and justified the search of the car as well as the backpack, which might reasonably have contained contraband also.
Salvato points out that the officer testified that he had opened the backpack initially to determine whether it contained any identification, not to determine whether it contained drugs. However, the officer's statement about his motivation does not determine the constitutionality of the search. Whether probable cause to search existed depends on the objective factors articulated by the officer. If the search is objectively reasonable, the officer's stated reason or motive for the search is irrelevant.[3]
Accordingly, the assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Doan, P.J., and Winkler, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See State v. Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643,657; State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus.
[2] See Wyoming v. Houghton (1999), ___ U.S. ___, ___, 119 S.Ct. 1297,1303; U.S. v. Ross (1982), 456 U.S. 798, 825, 102 S.Ct. 2157, 2173.
[3] See, generally, Dayton v. Erickson (1996), 76 Ohio St.3d 3,665 N.E.2d 1091 (if traffic stop is objectively reasonable, officer's subjective motive for making the stop is irrelevant).