JOURNAL ENTRY and OPINION
Defendant-appellant David Moore appeals from his conviction after a jury trial for domestic violence.
Appellant argues the trial court erred in admitting certain statements into evidence at trial. Since this court determines the statements of which appellant complains either were not hearsay or met an exception to the hearsay rule, appellant's argument lacks merit. Appellant's conviction, therefore, is affirmed.
Appellant's conviction results from an incident that occurred on the evening of October 2, 2000 at the Westlake, Ohio home of his parents, Dale and Linda Moore. At approximately 7:00 p.m. appellant arrived at the home on Dover Center Road seeking to find his younger brother, Brian.
From his father's perspective, appellant was "angry."[1] Appellant seemed "upset" and "generally tee'd off" at his brother. Appellant complained that Brian, through careless driving, had damaged some outdoor wiring at appellant's house. Appellant wanted the damage repaired "immediately."
Brian promised to "take care of it" the following morning. This, however, did not mollify appellant, who followed Brian around the home and continued to berate him. When appellant threatened to call the police, Brian responded to the threat by pushing his cellular telephone toward appellant. Appellant grasped the telephone, threw it to the floor and stepped on it.
This action provoked Brian into lunging at appellant. The two started trading blows. Appellant eventually placed his arm at Brian's neck and pushed him against the wall. Although Dale Moore attempted to separate his sons, his efforts were unavailing. Moore shouted to a third son to dial "911." Knowing the police had been called caused appellant to release Brian in order to flee.
Upon receiving the emergency call, Westlake police officer Tammy O'Neill immediately exited the police station, entered her patrol vehicle and proceeded southbound on Dover Center Road. She had driven only a short distance when she recognized appellant in his truck as he passed O'Neill northbound. O'Neill turned her patrol vehicle around and effected a traffic stop of appellant. She was assisted in this duty by her colleague Officer Samuel Adams. O'Neill requested appellant to enter her vehicle and to accompany her and Adams as they returned to appellant's parents' home.
In the interim, Officer Douglas Kestranek had arrived at the Moore residence. It appeared to him that Brian Moore was in the process of "backing [his] vehicle out of the driveway." Kestranek prevented this action by entering the driveway and parking his cruiser behind Brian's vehicle. Kestranek then approached Brian, who had emerged from his vehicle.
Kestranek noticed that Brian was "upset" and "excited that something had occurred." Kestranek also noticed that Brian bore a "three or four inch" red abrasion on his neck near his clavicle. In response to Kestranek's query as to "what happened," Brian explained as O'Neill and Adams arrived the reason for the altercation: that he had been exiting the driveway of appellant's Fairview Park home and had torn down some wires, that appellant became angry when he discovered the damage, and that appellant had come to the Moore residence "demanding that Brian fix this problem immediately."
Kestranek placed Brian into the police cruiser, then turned his attention to the nearby witnesses. Appellant's parents were outside their home. To the police officers, the Moores appeared to be "extremely upset." Dale Moore blurted out to Kestranek that "his two sons were fighting physically . . . [T]hat David was choking Brian and . . . they were striking blows and wrestling in the residence." Moore told Kestranek he had been unable to separate his sons.
Mrs. Moore, however, stated in an agitated manner that both of her sons were "at fault" in fighting.
Since the police officers thus could not determine the identity of the "primary aggressor," both appellant and Brian were arrested. O'Neill swore out complaints charging each of them with violation of R.C. 2919.25, domestic violence.
The brothers' cases proceeded to a jury trial. The city presented the testimony of the three police officers. Brian called as his only defense witness his father, Dale Moore. Appellant elected to present no evidence.
The jury subsequently returned a verdict of guilty against appellant. The jury found Brian not guilty of the offense.
The trial court immediately sentenced appellant to serve a term of incarceration of 180 days and to pay a fine of fifty dollars plus court costs. This court subsequently granted appellant's motion for stay of execution of his sentence pending the outcome of this appeal.
Appellant presents three assignments of error for review.
Appellant's first assignment of error states:
 THE TRIAL COURT'S ADMISSION OF THE HEARSAY STATEMENT OF THE CO-DEFENDANT, BRIAN MOORE, VIOLATED THE APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONT THE WITNESSES AGAINST HIM.
Appellant argues the trial court erred in permitting the police officers to repeat the statements his brother Brian made to them at the scene on the night of the incident. Citing Bruton v. United States
(1968), 391 U.S. 123, appellant contends Brian's statements constituted inadmissable hearsay and violated his right to confront the witnesses against him as guaranteed by the United States Constitution.[2]
Appellant's argument is rejected for two reasons.
It first must be noted appellant failed to object to the testimony he now challenges. It is well-settled that appellant's omission in this regard constitutes a waiver of the issue on appeal. State v. Williams
(1977), 51 Ohio St.2d 112. Indeed, the record reflects appellant on cross-examination himself questioned the state's witnesses about the statements made by his brother on the night of the incident.
Second, the record reflects appellant never made a motion for a trial separate from his co-defendant as prescribed by Crim.R.14. Appellant acknowledges in his appellate brief Brian's statements to the police were admissible into evidence against him at the trial pursuant to Evid.R. 801(D)(2)(a), which provides that admissions of a party-opponent are not hearsay. Appellant's failure to take advantage of the benefit provided by Crim.R. 14, therefore, constituted an additional waiver of his argument on appeal. Crim. R. 12(B)(5) and (G); State v. Knight (1984),20 Ohio App.3d 289, 291; see also, State v. Walker (1990),66 Ohio App.3d 518, 522; cf., State v. Moritz (1980), 63 Ohio St.2d 150.
Accordingly, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error state:
 THE TRIAL COURT'S ADMISSION OF THE HEARSAY STATEMENT (SIC) OF DALE AND LINDA MOORE VIOLATED THE APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONT THE WITNESSES AGAINST HIM.
 THE ADMISSION OF HEARSAY STATEMENTS OF BRIAN (SIC), DALE AND LINDA MOORE WERE NOT "EXCITED UTTERANCES" AND THEIR ADMISSION, THEREFORE, WAS CONTRARY TO THE OHIO RULES OF EVIDENCE.
Appellant argues the trial court erred in permitting the police officers to repeat the statements his parents[3] made to them on the night of the incident.
In presenting his argument, appellant initially asserts the trial court was required to determine whether his parents were unavailable to testify. This assertion is meritless.
A review of the record demonstrates the trial court permitted the testimony pursuant to Evid.R. 803(2), which states:
 RULE 803. Hearsay Exceptions; Availability of Declarant Immaterial.
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * *
 (2) Excited utterance. A statement relating to a starting event or condition made while the declarant was under the stress of excitement caused by the event or condition.
(Emphasis added.)
Thus, by its express terms, if the statements qualify under this exception to the hearsay rule,[4] whether or not the witness is available to testify is irrelevant. Indeed, appellant's father did appear as a witness on Brian's behalf.
Appellant's additional assertion that the statements did not qualify also is flawed. To be admissible as an excited utterance, the statements must concern some occurrence the declarant has observed which is startling enough to produce a nervous excitement in the declarant that at the time the statement is made still dominates the declarant's reflective faculties. State v. Simko (1994), 71 Ohio St.3d 483, 490, citing Statev. Huertas (1990), 51 Ohio St.3d 22 at 31. In determining whether the declarant remained under the stress of the occurrence, there is no specific time limitation for the trial court to apply. State v. Justice
(1994), 92 Ohio App.3d 940, 746.
Moreover,
 "[T]he admission of a declaration as an excited utterance is not precluded by questioning which: (1) is neither coercive nor leading, (2) facilitates the declarant's expression of what already is the natural focus of his thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties."
State v. Wallace (1988), 37 Ohio St.3d 87, syllabus 2.
A review of the record in this case demonstrates the trial court's decision to admit the testimony was reasonable. State v. Cornell (1998)129 Ohio App.3d 106, 114. Each police officer testified that at the time he or she responded to the home, within mere minutes of the 911 telephone call, the elder Moores visibly remained "upset" and distraught by the explosive scene they had observed take place between their two younger sons.
The officers further indicated they merely were attempting to ascertain what had happened. The questions thus could not be characterized as coercive. Therefore, the trial court did not err in admitting appellant's parents' statements. State v. Wallace, supra; State v. Jorden (1999),134 Ohio App.3d 131; State v. Justice, supra.
Accordingly, appellant's second and third assignments of error also are overruled.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] The Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the states through theFourteenth Amendment, provides that in criminal prosecutions, "the accused shall enjoy the right * * * to be confronted with the witnesses against him."
[3] Despite the inclusion of Brian's name in appellant's third assignment of error, as hereinbefore stated, pursuant to Evid.R. 801(D)(2)(a), Brian's statements were not hearsay.
[4] Evid.R. 801 (c) defines hearsay as a statement made by a person other than the one testifying at trial that is presented to prove the substance of the statement. Evid.R. 802 generally prohibits such evidence.