This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Chef Italiano, d.b.a. Gourmet Café, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, Preferred Capital, Inc. ("Preferred"). We affirm.
Alan Acceptance Corporation ("Alan Acceptance") filed a complaint alleging that Appellant had breached a lease agreement. Appellant answered and denied the allegations. The trial court referred the matter to arbitration. The arbitration panel found in favor of Alan Acceptance. Subsequently, Alan Acceptance moved for summary judgment. The text of the summary judgment motion identified Preferred as the plaintiff. Appellant responded in opposition, arguing, in part, that Alan Acceptance was not a party to the lease agreement. Further, Appellant moved for summary judgment.
Alan Acceptance moved the court to substitute and change the name of the plaintiff to Preferred, the real party in interest, pursuant to Civ.R. 17(A). The motion stated that Alan Acceptance was "the predecessor by virtue of a merger between Preferred Capital, Inc. and Alan Acceptance[.]" The trial court granted the motion. Subsequently, the trial court granted summary judgment in favor of Preferred and awarded damages. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in granting summary judgment in favor of a non-party to the action.
In its assignment of error, Appellant argues that the trial court erred in granting summary judgment in favor of Preferred, since Preferred was not a party to the action. Appellant's argument is unpersuasive.
Civ.R. 17(A) provides in relevant part:
 Real party in interest. Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
In Appellant's brief in opposition to the motion for summary judgment, Appellant argued that it had not entered into a lease with the plaintiff, Alan Acceptance. In Appellant's motion for summary judgment, Appellant stated that it had entered into the lease agreement with Preferred, and Preferred was not a party to the instant case. Appellant attached a copy of the lease agreement as an exhibit.
The record indicates that subsequent to the parties' motions for summary judgment, Alan Acceptance moved the trial court to substitute and change the name of the plaintiff to Preferred, the real party in interest, pursuant to Civ.R. 17(A). Appellant did not respond to the motion. The trial court granted the motion. Appellant did not file objections.[1] Since the record clearly indicates that Preferred was properly substituted as a party to the action in place of Alan Acceptance, without objection, Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR.
[1] Although not argued in its appellate brief, during oral argument Appellant contended that it was not given an opportunity to respond to Appellee's motion to substitute the real party in interest, since the trial court granted the motion the day after it was filed. However, the record indicates that Appellant failed to file any objections subsequent to the ruling. A failure to raise an error to a trial court's attention constitutes a waiver of error on appeal. State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus. Furthermore, even if Appellant had properly objected, it failed to assign or argue any error on appeal with respect to this allegation. Therefore, it has conceded the correctness of the trial court's ruling on this issue. See App.R. 12(A)(1)(b).