OPINION
{¶ 1} Defendant-appellant Cynthia L. Stackhouse ("appellant") appeals from her conviction for illegal distribution of cigarettes in violation of R.C. 2927.02(B)(2). Appellant received a citation for unlawfully selling cigarettes to a minor. Trial was held on the matter in the Ravenna Municipal Court on May 16, 2002.
 {¶ 2} William Wedeking, an agent with the Ohio Department of Public Safety Investigative Unit, testified that, on January 8, 2002, he was part of a team conducting tobacco enforcement in and around Ravenna. Appellant was working at the Stack's Stop Carryout in Ravenna. An underage confidential informant, wired with an audio transmitter, went into the store. Wedeking already was in the store to secure the premises. The confidential informant asked for a pack of Marlboro Light cigarettes from appellant. Appellant asked for the confidential informant's identification, which was provided. The identification revealed that the confidential informant was underage. Appellant checked the identification and completed the sale. After the confidential informant left the premises, other team members entered the store and issued a citation to appellant. Wedeking identified the pack of cigarettes purchased by the confidential informant. Wedeking also identified a letter sent to one of their agents by appellant.
 {¶ 3} The confidential informant testified she gave appellant her identification after requesting a pack of Marlboro Light cigarettes. Appellant returned the identification, which showed the confidential informant was sixteen years old, and accepted payment for the pack of cigarettes. The confidential informant also identified the pack of cigarettes.
 {¶ 4} Stephen Vassallo testified he is an agent with the Ohio Department of Public Safety Investigative Unit. Vassello was present when appellant was cited for selling tobacco to a minor. Vassello stated he read a letter sent to his partner by appellant. In the letter, appellant admitted she illegally sold tobacco to a minor.
 {¶ 5} Appellant admitted selling the cigarettes to the confidential informant. Appellant claimed she misread the year on the confidential informant's identification because of poor eyesight. Appellant stated that, due to her mistake, she believed the confidential informant was eighteen years old.
 {¶ 6} At the close of evidence, appellant's counsel argued that the State failed to establish its case because no expert testified about the contents of the package of cigarettes. Appellant's counsel refused to stipulate that the package contained a tobacco product.
 {¶ 7} The trial court found appellant guilty of selling tobacco to an underage individual. The trial court fined appellant $250 and sentenced her to thirty days of confinement. The thirty-day sentence and $150 of the fine was suspended as long as appellant did not commit a similar offense for two years.
 {¶ 8} Appellant assigns the following errors for review:
 {¶ 9} "[1.] Appellant's conviction should be reversed because the evidence supporting her conviction was insufficient as a matter of law to prove the conviction beyond a reasonable doubt.
 {¶ 10} "[2.] Appellant's conviction was based upon the testimony of a minor who was employed by the police in violation of public policy and must therefore be reversed."
 {¶ 11} In her first assignment of error, appellant disputes the sufficiency of the evidence supporting her conviction. Appellant contends that the state was required to prove that the substance sold to the confidential informant was a tobacco product by means of chemical analysis in order to convict her of the charged offense beyond a reasonable doubt.
 {¶ 12} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient, as a matter of law, to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259. The verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id.
 {¶ 13} Appellant was convicted of illegally selling cigarettes or other tobacco products to a child in violation of R.C. 2927.02(B). A tobacco product means any product made from tobacco, including a cigarette. R.C. 2927.02(A)(5). Appellant argues that the prosecution was required to prove that the pack of cigarettes contained tobacco products by use of chemical analysis.
 {¶ 14} Appellant relies upon In re Allen (Dec. 31, 1998), 1st Dist. Nos. C-980278, C-980279, and C-980282, 1998 Ohio App. LEXIS 6434, to support her argument. In Allen, the Hamilton County Court of Appeals reversed a minor's conviction for unlawfully possessing tobacco because the contents of the cigars in question were not chemically analyzed. There is no mention in the opinion as to whether there was any evidence the cigars were commercially produced.
 {¶ 15} Other cases that are analogous to the instant case are those involving the illegal sale or possession of alcohol where similar arguments were advanced. Courts consistently have rejected the requirement that evidence of a chemical analysis is required to support a conviction for illegal possession of alcohol. Chemical analysis is not necessary to establish that commercially produced alcohol products contain enough alcohol to sustain a conviction. See In re Bland, 5th Dist. No. 2001 AP 12 0109, 2002-Ohio-3837, 2002 Ohio App. LEXIS 3904. The illegal sale of intoxicating liquor can be shown by the introduction of the unopened container into evidence with its label indicating the contents. Cleveland v. Husain (May 23, 1985), 8th Dist. No. 49161, 1985 Ohio App. LEXIS 7763. Circumstantial evidence is sufficient to sustain a conviction for sale of alcohol to a minor. Whitehall v. Dong (July 8, 1999), 10th Dist. No. 98AP-1155, 1999 Ohio App. LEXIS 3192.
 {¶ 16} This court upheld a delinquency adjudication for underage possession of alcohol based upon the testimony of a police officer who observed a minor with two unopened bottles of beer in his vehicle. The bottles of beer were not introduced into evidence. See In re Litterst
(June 26, 1998), 11th Dist. Nos. 97-L-135 and 97-L-136, 1998 Ohio App. LEXIS 2939.
 {¶ 17} In the instant case, the state introduced the pack of unopened commercially produced Marlboro Light cigarettes into evidence. There was no need for a chemical analysis of the contents in order to prove that the package of cigarettes contained a tobacco product. Further, appellant admitted to selling cigarettes to a minor in the letter admitted into evidence and there was an audiotape of the actual transaction. There was sufficient evidence adduced at trial to support appellant's conviction for violating R.C. 2927.02(B). Appellant's first assignment of error lacks merit and is overruled.
 {¶ 18} In her second assignment of error, appellant argues that the use of a minor to perform the illegal act of purchasing tobacco is contrary to public policy. Appellant submits that the illegal act committed by the minor cannot be the basis of her conviction.
 {¶ 19} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. An appellate court will not disturb a trial court's evidentiary ruling unless that ruling is found to be arbitrary, unreasonable, or unconscionable. State v. Benson, 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, 2002 Ohio App. LEXIS 6668. Appellant did not object to the testimony of the confidential informant she now challenges on appeal. It is well-settled that the failure to object constitutes a waiver of the issue on appeal. State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 20} The failure to object results in waiver unless error in admission of the evidence rises to the level of plain error. Under a plain error analysis, a reviewing court will examine appellant's claim of error, in light of all of the evidence properly admitted at trial, to determine whether the trier of fact would have convicted the defendant without the error. State v. Slagle (1992), 65 Ohio St.3d 597. Only plain errors or defects affecting substantial rights may be noticed. Crim.R. 52(B).
 {¶ 21} R.C. 2151.87(E)(2) allows a child to purchase cigarettes or other tobacco products while participating in an inspection or compliance check conducted by a federal, state, local, or corporate entity at a location at which cigarettes or other tobacco products are sold or distributed. The use of a minor to attempt to buy cigarettes is specifically permitted by statute. We do not find that such an inspection or compliance check by the appropriate authorities is against public policy. There was no plain error in admitting the testimony of the confidential informant on this basis. Appellant's second assignment of error is overruled. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.