OPINION
Appellant Andrew Harris appeals his conviction, from the Morrow County Court of Common Pleas, for one count of domestic violence in violation of R.C. 2919.25(A). The following facts give rise to this appeal. On March 21, 1998, the date of the incident, appellant began arguing with his wife, Barbara Lee Harris and her seventeen-year-old son, Jason Hillman. The previous evening, while appellant was at work, appellant telephoned Barbara Harris at their residence. Appellant did not reach his wife by telephone because she was at a neighbor's house playing cards. Appellant arrived home from work at approximately midnight. Appellant was mad at his wife because he believed she neglected her household duties by playing cards at the neighbor's house. Appellant and Barbara Harris began arguing during the early morning hours. During much of the argument neighbors were present. After the neighbors returned home, appellant again began arguing with his wife. As the argument continued, Jason Hillman was awakened and became upset over the argument. A confrontation ensued between appellant and his stepson and appellant pushed Jason causing him to fall against a bunkbed resulting in a mark on his arm. Thereafter, Jason left the residence and called the police. After Jason exited the residence, appellant held his wife down on the couch and repeatedly told her that he loved her. The police arrived at the residence shortly thereafter. As a result of this incident, the Morrow County Grand Jury indicted appellant on April 7, 1998, for two counts of domestic violence. In response to appellant's request, the state filed a Bill of Particulars on May 6, 1998. Appellant waived his right to a jury trial and this matter proceeded as a trial to the court on July 23, 1998. The trial court subsequently found appellant not guilty as to count one of the indictment concerning domestic violence against Jason Hillman but guilty as to count two of the indictment concerning domestic violence against Barbara Harris. On October 9, 1998, appellant appeared before the trial court for sentencing. The trial court sentenced appellant to a term of sixty days in the Morrow County Correctional Facility. Appellant timely filed a notice of appeal and sets for the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF DOMESTIC VIOLENCE AGAINST BARBARA LEE HARRIS, AS ALLEGED IN COUNT II OF THE INDICTMENT. THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE VERDICT OF GUILTY AND THE VERDICT OF GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. IN ADDITION, THE TRIAL COURT BASED THE FINDING OF GUILT UPON EVIDENCE OF CONDUCT OUTSIDE THE BILL OF PARTICULARS.
 I
Appellant essentially sets forth two separate arguments in support of his First Assignment of Error. Appellant first argues the trial court's decision finding him guilty of domestic violence against Barbara Lee Harris is against the manifest weight and sufficiency of the evidence. Appellant next maintains the trial court based the finding of guilt on evidence of conduct outside the bill of particulars. We disagree with both arguments. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenkins (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. In support of his manifest weight/sufficiency of the evidence argument, appellant maintains the evidence does not support the conclusion that he acted "knowingly." At best, appellant maintains the state could only prove that he acted "recklessly." R.C. 2901.22(A) defines "knowingly" as follows: (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
The bill of particulars, filed by the prosecutor on May 6, 1998, is based on a violation of R.C. 2919.25(A), which provides: (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
The bill of particulars contains the following language:
 * * * On or about the above date and time, Andrew F. Harris did knowingly cause physical harm to family members, Barbara and Jason Harris. Andrew pushed Jason into a bunkbed ladder, punched Barbara in the arm and would not let her leave the residence until officers arrived, * * *. (Emphasis added.)
An issue arose, during trial, concerning the word "punched" contained in the bill of particulars. Apparently, when the assistant prosecuting attorney and the investigator drafted the bill of particulars based on Barbara Lee Harris' written statement, the word "pinched" was misinterpreted for the word "punched". Harris actually wrote the word "pinched" in her statement but because she did not dot the letter "i" the word "pinched" was misinterpreted for the word "punched". Based on the language contained in the bill of particulars, appellant maintains the state was limited to proving, at trial, that he "punched" Barbara Lee Harris. Appellant further contends the testimony presented at trial does not support the conclusion that he punched Mrs. Harris causing the small bruise under her arm. Therefore, appellant concludes he did not act "knowingly." Although the parties discussed the discrepancy concerning the words "pinched" and "punched," appellant never objected to the fact that the bill of particulars contained the word "punched." See Tr. at 72-73. It is a basic rule of appellate procedure that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. Even if we found appellant did not waive this issue, there is sufficient evidence to support the conclusion that appellant knowingly injured Barbara Lee Harris. Barbara Lee Harris testified that appellant grabbed her arm so she could not leave and refused to let go. Tr. at 37. Further, Barbara Lee Harris stated that his fingers caused a bruise on her arm. Tr. at 44. Vicki Hall, a neighbor, also testified about the bruise and stated it was "* * * a finger bruise, * * * like somebody grabbed ahold (sic) of her arm * * *." Tr. at 67. Deputy Faulk also testified to observing a bruise on the inside of Barbara Lee Harris' arm. Tr. at 60. Based on this testimony, we find there was sufficient evidence, for the trial court to conclude, that appellant knowingly caused physical harm to Barbara Lee Harris. According to the testimony, the bruising was not serious, however, R.C.2919.25(A) does not require serious physical harm to support a conviction for domestic violence. Accordingly, the evidence, if believed, would support a conviction for domestic violence. Further, it does not appear the trial court clearly lost its way and created a manifest miscarriage of justice which would require a new trial. Appellant's conviction for domestic violence is therefore supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. Appellant also contends, in support of his sole assignment of error, the trial court based the finding of guilt on evidence of conduct outside the bill of particulars. This argument relates to the use of the word "punched", in the bill of particulars, instead of the word "pinched". We addressed this issue above finding appellant waived this issue by failing to object at trial. Appellant's First Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
By: Wise, J. Hoffman, J., and Edwards, J., concur.