OPINION
The Plaintiff-Appellant, State Savings Bank ("State Savings"), appeals the finding of the Common Pleas Court of Union County as to the amount owed on an outstanding mortgage loan. For the following reasons, we affirm the judgment of the trial court.
The underlying facts and procedural history of the case are as follows. The Appellees in this matter, Kenneth and Barbara Coots, owned a parcel of real estate in Plain City, Ohio. The Appellee Susan Anne Gunther executed a real estate contract for the purchase of the property. Gunther purchased the property for $198,000.00. To finance the purchase, Gunther received a mortgage loan from State Savings in the amount of $148,500.00. The loan was used to settle the property's outstanding tax debt and to eliminate the Coots' two previous mortgage loans.[1] In exchange for the Coots' assistance with the down payment, Gunther agreed to give them a second mortgage on the property for the amount of $39,100.00.[2]
On September 16, 1996, State Savings filed a complaint instituting foreclosure proceedings against Gunther.[3] The complaint was precipitated by Gunther's default on State Savings' mortgage loan and her filing of a petition under Chapter 7 of the United States Bankruptcy Code.
On May 1, 1997, State Savings and the Coots' filed motions for summary judgment. On August 12, 1997, the trial court granted the Coots' motion for summary judgment because the Coots' mortgage lien had been recorded first, and their interest in the property was superior to that of State Savings. State Savings appealed the decision of the trial court. On April 23, 1998, this Court affirmed the decision of the trial court.[4]
On January 8, 1999, a hearing was held to determine the amount owed on the Coots' original mortgage loan of $39,100.00. By judgment entry of January 19, 1999, the trial court held that as of December 31, 1998, the amount owed on the loan, together with interest and late charges, was $66,980.28. The Appellant Fifth Third Bank ("Fifth Third"), successor in interest to State Savings, filed a notice of appeal challenging this judgment entry on February 11, 1999. This forms the basis for case No. 14-99-09.
On February 19, 1999, the trial court issued a judgment decree in foreclosure and corresponding order of sale.[5] On March 10, 1999, Fifth Third appealed that decision, thereby creating case No. 14-99-14. These causes were consolidated for the purposes of oral argument on April 2, 1999. Fifth Third now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred, abused its discretion and committed reversible error when it adjudicated that $66,980.28 was the amount owing on Defendants Coots' mortgage lien, since: (A) Defendants Coots did not appear or offer any testimony on said issue at the January 8, 1999 hearing thereon; and (B) Defendants Coots' own prior discovery responses established that, had they testified at said hearing, they would have at best been entitled to a payoff figure of $6, 518.31. [sic]
Fifth Third asserts in its first assignment of error that the trial court erred in finding that the amount owed on the Coots' original mortgage loan was $66,980.28. Fifth Third maintains that the trial court erred in reaching that conclusion because there was insufficient evidence to support that determination. Fifth Third further contends that the affidavit of Kenneth Coots should not have been admitted into evidence at the hearing of January 8, 1999. For the following reasons, we do not agree.
We will first address Fifth Third's argument that the trial court erred in admitting into evidence the affidavit of Kenneth Coots. In his affidavit, Coots maintains that the amount owed on the mortgage loan was $66,980.28. The affidavit also sets forth that Gunther made thirteen mortgage payments of $260.13, and then defaulted on the loan. Fifth Third now asserts that the admission of this affidavit into evidence was prejudicial because Coots was not available to testify at the hearing and, thus, was not subject to cross examination. Fifth Third also contends that the affidavit is hearsay.
It is well-settled that a trial court has broad discretion in determining whether evidence is admissible. Inman v. Inman
(1995), 101 Ohio App.3d 115, 120. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. We will now examine the circumstances of the case to determine whether the trial court acted properly in admitting the affidavit into evidence.
We first note that an affidavit is one method of presenting the testimony of a witness. R.C. 2319.01. An affidavit must contain statements of fact, not statements made upon information and belief, from which conclusions of fact may be made by the trial court. Sterner v. Cincinnati Street R. Co., 8 Ohio Dec. 574, 578.
In the case before us, a review of the transcript reveals that trial counsel failed to object to the affidavit's introduction into evidence. It is well-settled that the failure to raise an objection in the trial court waives the right to assign the matter as error upon appeal. State v. Williams (1977),51 Ohio St.2d 112, paragraph 1, syllabus. Thus, we find that trial counsel waived the right to appeal the issue. Furthermore, although Fifth Third did not have the opportunity to cross examine Coots regarding his written affidavit, the transcript of the hearing reveals that Fifth Third made no attempt to secure his attendance at the hearing. For these reasons, we find that Fifth Third's argument has no merit.
Fifth Third next maintains that there was insufficient evidence for the trial court to find that the amount owed on the Coots' mortgage loan was $66,980.28. Upon a review of the record in this case, we find otherwise. In particular, the record affirmatively establishes that Gunther executed a second mortgage with the Coots' in the amount of $39,100.00 in exchange for a down payment, and then defaulted on the loan. There is ample evidence in the record that the outstanding balance, as of December 31, 1998, is $66,980.28, which includes late charges and interest. For the foregoing reasons, Fifth Third's argument is not well-taken.
Accordingly, Appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred, abused its discretion and committedreversible error when it refused to apply principles ofsubrogation and/or reformation to Plaintiff's mortgage loan,since: (A) Plaintiff's mortgage loan paid off $141,429.75 inliens owed by Defendants Coots; and (B) Defendants Coots wereadmittedly overpaid $29,200.00 from Plaintiff's mortgage loandisbursement. [sic]
Fifth Third asserts in its second assignment of error that the trial erred in failing to apply the principles of subrogation or reformation to the case herein. For the following reasons, we do not agree.
In Gunther I, this Court affirmed the trial court's finding that because the Coots' mortgage was recorded first, their interest in the property was superior to that of State Savings.[6] After Gunther I, the only issue left for adjudication was the amount owed on the Coots' mortgage loan.
Fifth Third now maintains that the trial court erred in failing to apply the principle of subrogation. In Gunther I, State Savings argued a similar theory. In that case, State Savings maintained that the principle of equitable subrogation should have been applied by the trial court to ensure that its mortgage interest remained paramount to the Coots'. We held, however, that that there were no genuine issues of material fact regarding which party had the best priority lien on the Gunther's property. See State Sav. v. Gunther (1998), 127 Ohio App.3d 338,347.
In this appeal, Fifth Third once again asserts a right to subrogation. Here, however, Fifth Third argues that it has an unconditional right to subrogation on the basis that Gunther's mortgage loan from State Savings was used to pay off the property's outstanding tax debt and the Coots' two previous and outstanding mortgage loans. On close examination, we find that Fifth Third's arguments are essentially the same as those raised in Gunther I. For these reasons, we find that Fifth Third's claim of a right to subrogation is res judicata, and we decline to address the matter any further.
Fifth Third further maintains that the trial court erred in failing to apply the principle of reformation to the case herein. Specifically, Fifth Third maintains that reformation is appropriate in this case because the Coots' were overpaid by $29,200.00 at the closing of the land contract. We find, however, that this argument should have been raised at an earlier stage of the proceedings and, therefore, is no longer ripe for adjudication.[7] In conclusion, we find that Fifth Third's claims of a right to subrogation and reformation have no merit.
Accordingly, Appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] The property was subject to outstanding real estate taxes in the amount of $1,981.34, as well as two mortgage loans in the amounts of $81,321.22 and $58,127.19.
[2] The required down payment was $39,600.00.
[3] Hereinafter referred to as "Gunther I."
[4] State Sav. Bank v. Gunther (1998),127 Ohio App.3d 338.
[5] We note that by judgment entry of June 14, 1999, pursuant to the order of the court, the property was sold at public auction.
[6] We note that State Savings raised several other arguments on appeal, including a claim of fraud and equitable subrogation.
[7] Fifth Third also maintains that the judgment exceeds the amount demanded for in the pleadings. We note, however, that this argument has been improperly raised by way of reply brief. App.R. 16(C) provides in pertinent part that "[t]he appellant may file a brief in reply to the brief of the appellee, * * *. The reply brief is merely an opportunity to reply to the brief of the Appellee. New assignments of error may not be raised except with leave of court. Sheppard v. Mack (1980), 68 Ohio App.2d 95, 97, fn. 1; see, also, State v. Murnahan (1996), 117 Ohio App.3d 71. Thus, Fifth Third's "new" assignment of error is not appropriately before this Court and will therefore not be considered.