OPINION
Defendant-appellant, Peter A. Stewart, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm.
By journal entry filed October 8, 1986, appellant entered a guilty plea to one count of rape, in violation of R.C.2907.02. He was sentenced to an indefinite term of imprisonment of four to twenty-five years. On August 11, 1998 and August 25, 1998, the trial court held an evidentiary hearing to determine whether appellant was a sexual predator. On January 29, 1999, the trial court determined by clear and convincing evidence that appellant was a sexual predator.
On appeal, appellant assigns the following errors:
 I. THE TRIAL COURT'S FINDING THAT DEFENDANT IS A SEXUAL PREDATOR UNDER R.C. § 2950.09(B) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. DEFENDANT WAS DENIED A FAIR ADJUDICATION ON THE MERITS OF THE EVIDENCE PRESENTED UNDER R.C. § 2950.09(B) IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER UNITED STATES CONSTITUTION AMEND. XIV AND OHIO CONSTITUTION ART. I § 16.
 III. THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER UNITED STATES CONSTITUTION AMEND. VI AND XIV AND OHIO CONSTITUTION ART. I § 10.
 IV. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE DETERMINATION HEARING OF HIS STATUS AS A SEXUAL PREDATOR HEARING UNDER R.C. 2950.09(B) AS VIOLATIONS OF THE EQUAL PROTECTION CLAUSE AND DUE PROCESS CLAUSE DUE TO VAGUENESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, AND AND [sic] THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
 V. OHIO'S SEXUAL PREDATOR LAW VIOLATES ARTICLE I § 1 OF THE OHIO CONSTITUTION.
In his first assignment of error, appellant contends that the trial court's finding that he is a sexual predator was against the manifest weight of the evidence.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since rape is a sexually oriented offense, the issue is whether the state proved by clear and convincing evidence that appellant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3);State v. Cook (1998), 83 Ohio St.3d 404, 423-424. Clear and convincing evidence is the evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence" it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
R.C. 2950.09(B)(2) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute. Here, the trial court found that the following factors had been proven by clear and convincing evidence:
 (a) the Defendant was in his late forties at the time of the incident;
(b) the Defendant does not have a prior criminal record;
 (c) the victim of the offense was ten years of age at the time of the offense related to the plea;
 (d) the offense to which the Defendant entered his plea involved one victim;
 (e) the Defendant did not use drugs to impair the victim;
 (f) the Defendant has had, and this Court believes continues to have, a mental disability which has resulted in this offense and the Defendant's sexual activity with another very young victim prior to this offense;
 (g) the sexual abuse to the victim that is the subject of the plea took place many times over a period of several years;
 (h) the sexual conduct with the victim demonstrates to this Court a pattern of abuse upon the victim of the offense to which he has entered his plea;
(i) the Defendant used threats of force upon his victim;
 (j) even though the defendant has been convicted of only one offense with one victim, his history reflects that in 1975 in Wisconsin, for a period of two months, the Defendant sexually abused the five year old daughter of his then girlfriend. It appears that the abuse would have continued had the Defendant not broken up with his girlfriend;
 (k) during his abuse of the victim in this case, the Defendant received psychological treatment for his mental illness. The Defendant continued to commit sexual abuse upon the victim during and after he had received psychological treatment;
 (l) the Defendant has completed all available sexual abuse classes within the institution; and
 (m) the Defendant has an excellent record within the institution; however, he has never been exposed to minor females in a private setting since he has been in the institution. [Jan. 29, 1999 decision, at 2-3.]
Appellant argues that two of the findings made by the trial court were not supported by any evidence. First, appellant challenges the finding of the trial court that appellant has and continues to have a mental disability. Appellant argues the record is devoid of any competent evidence on this point introduced at the hearing below and, in fact, contradicts the earlier finding of the trial court at the time of sentencing. At the time of that hearing, the trial court noted:
 * * * I have not received any other report from any other psychologist or psychiatrist telling me you have a problem. Southwest says you don't have a problem. You have a problem dealing with what you have done. You justify everything you have ever done. * * * [Oct. 6, 1986 Tr. 13-14.]
We find, however, that evidence adduced at the sexual predator hearing would support a finding of mental disability. Appellant himself acknowledged, on cross-examination, that Nan Mykel, a psychologist at the Hocking Correctional Institution, noted that appellant qualified for a diagnosis of pedophilia. Appellant also testified that the same psychologist, in an earlier evaluation, stated that "she had no reason to believe [that appellant] was a pedophile." (Tr. 146.) Moreover, the evidence in the record is that appellant admitted to engaging in sexual activity with his wife's daughter fifteen times over a four-year period, and with a five year old at least five times. Appellant, himself, also apparently recognized that he is subject to many triggers that could cause him to reoffend. Included in the exhibits submitted at the sexual predator determination hearing is a detailed "relapse prevention plan" indicating what appellant plans to do if he experiences "triggers" or "pressures" "to act against [his] conscience." Appellant, himself, also testified that he had undergone sixteen years of therapy and that "I had been in therapy in January 1982 when I relapsed and then I realized how serious a problem I had and became much more intensely involved in the therapy and again remained in therapy throughout the course of my freedom and continued in therapy throughout the course of my imprisonment." (Tr. 32.) In addition to this evidence, appellant's trial counsel stated in closing argument:
 * * * Mr. Stewart has a psychological problem. It manifested itself in acts that society perhaps rightly considers to be a very serious criminal offense. * * * [Nov. 20, 1998 Tr. 165.]
Based on the record before us, the evidence before the trial court was such that the conclusion that appellant suffered from a mental disability was not against the manifest weight of the evidence.
Appellant next challenges the trial court's finding that "the defendant used threats of force upon his victim." The incident to which appellant pleaded guilty involved appellant forcing his stepdaughter to lie on the floor by holding his arm against her throat. At that time, he held her down by the stomach with his other arm and performed cunnilingus on her. The child was ten years old at the time. The specification of force was dropped as part of the plea bargain. (Oct. 6, 1986, Tr. 7.) Again, based on this record, the finding of threat of force is not against the manifest weight of the evidence.
Appellant next argues that the trial court's finding in (g), "the sexual abuse to the victim that is the subject of the plea took place many times over a period of several years" and finding (h) "the sexual conduct with the victim demonstrates to this Court a pattern of abuse upon the victim of the offense to which he has entered his plea" are duplicative of each other and, therefore, do not contribute any more weight than either may properly deserve. In State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported (1999 Opinions 831), this court stated that "the trial court may place as much or as little weight on any one of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator. " Here, the trial court simply noted that appellant's conduct represented both pattern of abuse upon the victim and that the pattern persisted over a period of several years. We find no error in such a determination.
Appellant next argues that, although appellant admitted to a prior history of sexual abuse of a five-year-old child in Wisconsin in 1975, the trial court's finding in (j) that "it appears that the abuse would have continued had the defendant not broken up with his girlfriend" is not supported by the record and is not established by clear and convincing evidence. Since appellant moved to Ohio and apparently took up the same pattern of sexual abuse with his stepdaughter, we find it is a reasonable inference that such pattern would have continued had appellant remained in Wisconsin.
Appellant next argues that the trial court's finding that he continued to commit sexual abuse upon the victim during and after he had received psychological treatment is not supported by the evidence in the record. At the sexual predator hearing, appellant denied that he committed any incident of sexual abuse after January 1982. However, the indictment alleged that the other incident of sexual abuse took place during 1982. Despite appellant's denials, he admitted that he committed to two incidents of sexual abuse, the first being the charge to which he pled guilty and a second in January 1982. It is undisputed that both of these incidents took place after appellant initiated therapy. (Tr. 17, 20-21.)
Despite appellant's contention that a number of the remaining findings made by the trial court have no bearing on the issue of recidivism, we note that the youthful age of the victims can indicate a high potential for recidivism. State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Opinions 368).
The trial court also noted that appellant had completed all available sexual abuse classes within the institution, and that appellant has an excellent record within the institution. However, the trial court also noted that appellant has not been exposed to minor females in a private setting since he has been in the institution. Our review of the record indicates that appellant has made significant efforts to avail himself of all sex offender programming available to him during his incarceration. We also note that appellant has enlisted friends and family to support him and assist him in his plans to avoid reoffending. This court is cognizant that appellant will one day be released from prison, and that he may again find himself in proximity to minor females. Appellant's support system and plan to avoid reoffending may assist him in his desire to avoid committing further incidents of sexual abuse. Nevertheless, the trial court's finding that appellant is a sexual predator is supported by the evidence in the record, and we find no error in the trial court's decision. The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the trial court erred in impeaching defense witness, Dave Alkire, with regard to the high recidivism rate among pedophiles. Although Mr. Alkire was not qualified as an expert witness, Alkire had testified that through his work, he had counseled at least five child molesters, and that he had a double masters degree in special education and in counseling. In light of Alkire's testimony that he would trust appellant with his own children, we find nothing improper in the court's questioning Alkire if he had read literature concerning pedophiles. Moreover, appellant's own witness agreed with the assumptions contained in the trial court's question. We also note that appellant failed to dispute the conclusions implicit in the colloquy between the trial court and Alkire. Furthermore, the youthful age of the victims, the multiple offenses, and a demonstrated pattern of abuse, are all factors which could lead the trial court to a determination that a defendant is a sexual predator. R.C. 2950.09(B)(2)(c), (d) and (h).
Appellant also argues that the trial court improperly took judicial notice of appellant having a "psychological problem." This argument has been discussed with respect to assignment of error number one. Finally, appellant takes issue with the trial court commenting about recidivism among pedophiles over the age of fifty or sixty. The record does not support the conclusion that the trial court took judicial notice of the unidentified sex offender studies. Our review of the record indicates that the trial court's comments were made in connection with appellant's argument concerning the statutory factor of "age of the offender." R.C. 2950.09(B)(2)(a). The trial court was attempting to clarify for appellant's counsel the trial court's belief that the statutory factor referred to the age of the offender at the time of the sexual predator hearing. We find no error in this brief exchange. The second assignment of error is not well-taken and is overruled.
In his third assignment of error, appellant argues he was denied his right to the effective assistance of counsel in the evidentiary hearing before the trial court. Appellant first argues that trial counsel erred in withdrawing an opinion question from witness William Aldrich, who was a medical doctor who treated appellant for a period of time prior to charges being filed against appellant. At the time Aldrich testified, his medical license was under suspension and Aldrich was in the courthouse that day because he had been found not guilty by reason of insanity on charges of assaulting a police officer. (Tr. 86-87.)
Claims of ineffective assistance of counsel must demonstrate that counsel's performance failed to satisfy prevailing professional norms and also that the defendant was prejudiced as a result of the substandard representation.Strickland v. Washington (1984), 466 U.S. 668. Unless appellant satisfies both prongs of the Strickland test, appellant's claims fail. Id.
Here, even if William Aldrich had been permitted to testify as to his opinion as to whether or not appellant would be likely to reoffend, appellant cannot show prejudice from his counsel's failure to elicit this opinion. First, it appears that the witness had little-to-no knowledge of appellant's current mental and emotional status. The witness had difficulty remembering what had transpired over fifteen years ago when he treated appellant and appellant's wife. Finally, from what the witness said during cross-examination, it appears the answer would not have been helpful to appellant. Before being cut-off by the trial court, Aldrich was asked:
 * * * If based on your knowledge of Mr. Stewart's case personally and in your professional knowledge, can you offer this court an opinion as to whether or not Mr. Stewart, if released into the community, would be likely to reoffend in a similar fashion; in other words, would be likely to commit further sexual acts against juveniles or any other person for that matter?
 A. The professional consensus about that is that no psychiatrist can offer —
 THE COURT: Doctor, are you licensed in the State of Ohio at this present time?
 THE WITNESS: I'm licensed but the license is under suspension. [Tr. 87.]
Given these facts, even if appellant were able to demonstrate that trial counsel's performance was deficient, he is unable to demonstrate that there is a reasonable probability that the results of the hearing would have different. The third assignment of error is not well-taken and is overruled.
In his fourth assignment of error, appellant raises constitutional challenges that previously have been decided adversely to appellant in Cook, supra; and State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported (1998 Opinions 357). Accordingly, the fourth assignment of error is not well-taken and is overruled.
In his fifth assignment of error, appellant contends Ohio's sexual predator law is an invalid exercise of police power. Appellant failed to raise this issue before the trial court and, accordingly, has waived such argument here. State v. Williams
(1977), 51 Ohio St.2d 112. The fifth assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and BRYANT, JJ., concur.