OPINION
Appellant, Sterling S. Wilkes, appeals from his conviction in the Portage County Municipal Court, Ravenna Division, for: driving under the influence of alcohol, in violation of R.C.4511.19(A)(1); driving with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3); and failure to obey a traffic control device, in violation of R.C. 4511.12.
On October 25, 1997, at 2:44 a.m., Officer Scott Paolucci stopped appellant's automobile, which had been traveling easterly on West Main Street in Ravenna, Ohio, after he observed it going through a red traffic light. According to the ticket issued to appellant, the incident occurred at the intersection of West Main Street and Oak Grove Street. As a result of the traffic stop, Officer Paolucci administered roadside sobriety tests to appellant and arrested him for driving under the influence of alcohol. He took appellant to the Ravenna police department, where Officer Kevin Lafferty administered a breathalyzer test. The test indicated that appellant had a blood alcohol level of .182.
Appellant filed a motion to suppress the breath test and to adjudicate the arresting officer incompetent to testify and asserted that his arrest was made without probable cause. The court held a suppression hearing on January 7, 1998.
At the hearing, Officer Paolucci testified that he observed appellant drive through a yellow caution light at the intersection of West Main and Zeta Street and fail to stop at a red light at the intersection of West Main and Hillcrest Street. As a result, he stopped appellant and noticed a strong odor of alcohol coming from him. He asked appellant if he had been drinking, to which he answered "no." He asked appellant to explain the odor, to which he responded that he had been at The Outpost, a bar in Brimfield, and had consumed about five beers, but was not drunk. Officer Paolucci administered three sobriety tests, on which appellant performed poorly. He placed appellant under arrest and took him back to the station. While at the station, he observed Officer Lafferty administer a breathalyzer test.
At the conclusion of Officer Paolucci's testimony, the prosecuting attorney asked Officer Paolucci to identify appellant as the person whom he had arrested. At that point, appellant's counsel said: "We'll stipulate that the gentleman on my left is the defendant."
Officer Lafferty testified that he administered the test to " the defendant." He testified that: the solution used for the test was certified by the Department of Health; the machine had been calibrated; he observed "the defendant" for twenty minutes before administering the test; and, the test revealed that "the defendant's" blood alcohol content was .182. He was not asked to identify appellant as the person to whom he had administered the test.
Appellant argued that because Officer Lafferty had not identified him as the person to whom he administered the breathalyzer, the results must be suppressed. The trial court overruled appellant's motion and set the case for a bench trial.
The bench trial originally began on July 10, 1998. After some testimony by Officer Paolucci, it was discovered that there had been some miscommunication with regard to discovery. To remedy the miscommunication, the trial court granted a continuance. The trial resumed on September 29, 1998 before a different judge.
While testifying on July 10, Officer Paolucci testified about observing appellant go through the red light at the intersection of West Main and Hillcrest Street and began to testify about administering sobriety tests before the trial was continued. At the beginning of the continued trial, there was some discussion between the new trial judge and appellant's counsel about whether to start over with Officer Paolucci's testimony or to pick it up where he had previously left off. At the insistence of appellant's counsel, they picked up Officer Paolucci's testimony where it had left off. The judge agreed and stated that he would have a transcript of the July 10 testimony.
While testifying on September 29, Officer Paolucci did not explicitly specify at which intersection the violation occurred and referred to the incident as the traffic light violation. From the transcript, it appeared that the officer pointed to the intersection on a diagram. He also testified that he observed Officer Lafferty administer the test and that, from the time appellant was pulled over until he was given the breathalyzer, he was observed for at least twenty minutes and did not ingest anything.
Officer Lafferty's testimony was substantially similar to his testimony at the suppression hearing, except that he also identified appellant as the defendant. During direct examination, Officer Lafferty was unable to recall exactly how long he had observed appellant before administering the breathalyzer, but that he usually observed subjects for thirty minutes. On cross-examination, appellant's counsel was able to elicit, by showing a test report, that Officer Lafferty had observed appellant for twenty minutes prior to testing. The sheet, which was entered into evidence, shows that appellant was observed for twenty minutes.
Appellant testified that he was not driving erratically and did not go through a red light. The trial court found appellant guilty on all three counts and sentenced him to one hundred and eighty days in jail, with one hundred and seventy suspended.
Appellant raises the following assignments of error for our review:
 "[1.] The trial court erred in establishing the color and location of the traffic signed (sic) for which the defendant-appellant was cited.
 "[2.] The trial court erred in finding the defendant-appellant guilty of R.C. 4511.19(A)(3) for lack of identity by Officer Lafferty.
 "[3.] The trial court erred in admitting the B.A.C. results into evidence in that substantial compliance with the department of health regulation was lacking."
In his first assignment of error, appellant asserts that the light that appellant went through was not properly identified and that its color was not properly established. From his brief, it would appear that appellant is disregarding Officer Paolucci's testimony from July 10, before the trial was continued.
Officer Paolucci testified, on July 10, that he "observed the Defendant Mr. Wilkes traveling through a yellow light at Zeta Street and traveling through a red traffic signal at Hillcrest" and "observed the Defendant travel through the red traffic signal at Hillcrest." Clearly, his testimony established that appellant committed a traffic light violation at West Main Street and Hillcrest Street. Though the traffic ticket indicated that appellant committed the offense at West Main Street and Oak Grove Street rather than West Main Street and Hillcrest Street, appellant never raised the issue before the trial court. We, therefore, need not consider the question on appeal. See State v.Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364; City ofHubbard v. Luchansky (1995), 102 Ohio App.3d 410; 657 N.E.2d 252. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant asserts that he should not have been found guilty of R.C. 4511.19(A)(3) because Officer Lafferty did not identify him, at the suppression hearing, as the person to whom the breathalyzer test was administered. According to appellant's logic, this meant that the record was silent as to whom Officer Lafferty administered the test.
During the testimony of Officer Paolucci at the hearing, the following exchange took place:
 Q. "The person you saw run the red light and behind the steering wheel, do you see him in the courtroom today?
A. "Yes, he is.
 Appellant's Counsel: "We'll stipulate the gentleman on my left is the defendant.
The Court: "Identity is stipulated."
After this identification, Officer Lafferty testified that he administered the test to "defendant." Officer Lafferty was not asked to identify appellant as "defendant." To allow appellant to argue that he was stipulating Officer Paolucci's identification and not Officer Lafferty's would not be consistent. Futhermore, Officer Paolucci testified that he observed Officer Lafferty administer the test to appellant and Officer Lafferty identified appellant at trial. Appellant's second assignment of error is without merit.
In his third assignment of error, appellant asserts that the breathalyzer test was invalid because the state did not establish that he was observed for twenty minutes immediately prior to being administered the test.
Officer Lafferty could not recall, during direct examination, how long he had observed appellant before administering the breathalyzer. However, on cross-examination, appellant's counsel was able to elicit, by showing him a test report, that Officer Lafferty had observed appellant for twenty minutes prior to testing. The sheet, which was entered into evidence, shows that appellant was observed for twenty minutes. Officer Paolucci testified that he observed Officer Lafferty administer the test and that he "observed him at the scene of the traffic stop and once we were at the station he was handcuffed to the wall and observed for twenty minutes." From this testimony, the state established that appellant was observed for twenty minutes before being administered the breathalyzer test. Furthermore, appellant did not allege that he had ingested anything that would have invalidated the test results. See State v. Steele (1977), 52 Ohio St.2d 187,370 N.E.2d 740.
Appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J. concur.