DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexual predator pursuant to R.C.2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ARGUMENT I
 THE APPELLANT'S CLASSIFICATION AS A SEXUAL PREDATOR MUST BE REVERSED BECAUSE HE WAS NOT GIVEN NOTICE OF HEARING AS REQUIRED BY THE SEXUAL PREDATOR STATUTE.
"ARGUMENT II
 THE APPELLANT DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS RIGHT TO A SEXUAL OFFENDER CLASSIFICATION HEARING SINCE THE TRIAL COURT NEVER PROVIDED HIM WITH WRITTEN OR ORAL NOTICE OF THE CLAIMS OF THE STATE OF OHIO THAT THE APPELLANT WAS A SEXUAL PREDATOR."
On October 4, 1999, appellant was transported from the Allen County Correctional Center to the trial court for proceedings pursuant to R.C.2950.09. When the hearing commenced, appellant's counsel addressed the court as follows:
 "Your Honor, after discussing matters previously with Mr. Apt, his having indicated to me a familiarity with the classification procedure and so forth, it is our desire at this time to waive further proceedings with respect to the classification and to consent at this time to the classification of sexual predator and sign the form."
The trial court then questioned appellant as to his age and the extent of his education, and ascertained that he reads, writes and understands the English language. The trial court explained to appellant the law regarding sexual offender classification, as well as the registration duties and community notification requirements for persons convicted of sexual offenses. The trial court also told appellant that he is entitled to a psychological evaluation and a hearing at which he could present evidence on his own behalf. Appellant indicated that he understood the law and his rights and said he wished to consent to being classified as a sexual predator. Upon further inquiry by the trial court, appellant indicated that no one had promised him anything or threatened him in any way in order to convince him to give up his rights as they had been explained to him. Appellant also stated that he had discussed his decision fully with his attorney and was satisfied with his attorney's advice. The trial court then found that appellant had waived his right to a hearing and that he had consented to being classified as a sexual predator, and appellant signed a form so indicating.
Appellant asserts in his first assignment of error that the trial court's judgment should be reversed because he was not given notice of the date, time and place of his sexual offender classification hearing. This court notes, however, that appellant appeared in court with counsel for the hearing about which he claims not to have had notice, and that appellant has not shown how he was prejudiced by the claimed lack of notice. As can be seen by the transcript of the hearing, appellant indicated to the trial court that he wished to consent to the sexual predator classification and the court questioned him at length in order to ascertain that he was aware of the consequences of his decision. We also note that appellant did not raise the issue of notice in the trial court. Appellate courts are not required to consider a claimed error which the complaining party "could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977),51 Ohio St.2d 112, 117. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that his waiver of the sexual offender classification hearing was not made knowingly and intelligently because the trial court did not provide him with written or oral notice of the state's claims against him before accepting his waiver and consent to the sexual predator finding. Initially, we find that the record as summarized above does not support appellant's claim that his waiver was not made knowingly, intelligently and voluntarily. Further, because appellant did not raise this issue in the trial court where it might have been cured, it is not properly assigned as error on appeal.State v. Williams, supra. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.
 ____________________________ Richard W. Knepper, J.