This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Noeil Shelton, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
{¶ 2} On October 10, 2001, Shelton was indicted for aggravated burglary, in violation of R.C. 2911.11(A)(1). Shelton entered a plea of not guilty, and the matter proceeded to a jury trial, commencing on January 10, 2002. On January 11, 2002, the jury found Shelton guilty of the lesser and included offense of burglary, in violation of R.C. 2911.12. The trial court sentenced Shelton accordingly.
{¶ 3} This appeal followed. Shelton raises three assignments of error for review. As his assignments of error are related, we will address them together for ease of discussion.
 II. Assignment of Error I {¶ 4} "THE CONVICTION OF THE APPELLANT FOR THE CHARGE OF BURGLARY IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
 Assignment of Error II {¶ 5} "THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSES OF BURGLARY BEYOND A REASONABLE DOUBT AND SUBMIT IT TO THE JURY."
 Assignment of Error III {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
{¶ 7} We note that although Shelton phrases his first assignment of error as a challenge to the weight of the evidence, his argument substantively challenges the sufficiency of the evidence. In his remaining assignments of error, he also argues that his conviction was based upon insufficient evidence.
{¶ 8} A challenge to the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient or adequate as a matter of law to support a verdict. See State v. Thompkins (1997),78 Ohio St.3d 380, 386. When considering a challenge to the sufficiency of the evidence, the court must determine whether the plaintiff has met its burden of production, while a manifest weight challenge requires the court to examine whether the plaintiff has met its burden of persuasion.Id. at 390 (Cook, J., concurring).
{¶ 9} In the present case, Shelton was convicted of burglary, in violation of R.C. 2911.12. R.C. 2911.12(A) provides:
 {¶ 10} "No person, by force, stealth, or deception, shall do any of the following:
 {¶ 11} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
 {¶ 12} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
{¶ 13} Shelton specifically alleges that no evidence was admitted which demonstrated that he entered the residence in question by force, stealth, or deception. He further argues that there was no evidence that he entered with the purpose of committing any criminal offense. After a careful review of the record, we find that Shelton has waived these arguments.
{¶ 14} In order for a defendant to preserve the right to appeal the sufficiency of evidence upon which his conviction is based, he must first move the trial court for acquittal pursuant to Crim.R. 29 at the close of the state's case. State v. Miley (1996), 114 Ohio App.3d 738,742. If the defendant is tried before a jury and he puts forth a defense, he must renew his motion at the close of all the evidence. Id. See, also, State v. Fisher, 148 Ohio App.3d 126, 2002-Ohio-3026, at ¶ 15.
{¶ 15} In this case, Shelton did move the court for acquittal after the presentation of the state's case. He also renewed his motion at the close of all the evidence. However, his motion specifically challenged only two issues: venue and the sufficiency of the evidence to prove the element of physical harm for the charge of aggravated burglary. On appeal, Shelton now raises the argument that his conviction was based upon insufficient evidence because there was no evidence that he entered the residence by stealth, force, or deception and that he entered with the purpose to commit a criminal offense.
{¶ 16} It is a fundamental principle of appellate review that a court will not consider an error that an appellant was aware of, yet failed to bring to the attention of the trial court. See State v. Awan
(1986), 22 Ohio St.3d 120, 122. See, also, State v. Williams (1977),51 Ohio St.2d 112, 117, vacated on other grounds (1978), 438 U.S. 911,57 L.Ed.2d 1156. Moreover, appellate courts in Ohio have held that if a defendant sets forth specific grounds in his motion for acquittal, he waives review of all grounds not specified. See State v. Swanner (May 18, 2001) 4th Dist. No. 00CA2732; State v. Cayson (May 14, 1998), 8th Dist. No. 72712, citing U.S. v. Dandy (C.A.6, 1993), 998 F.2d 1344,1356-1357.
{¶ 17} Shelton specifically challenged the sufficiency of the state's evidence of physical harm and venue before the trial court; Shelton did not advance any argument concerning the sufficiency of the evidence concerning the elements of entering by force, stealth, or deception, or entering with purpose to commit a criminal offense. Accordingly, Shelton has waived his right to present these arguments on appeal. Shelton's assignments of error are overruled.
 III.
{¶ 18} Having overruled Shelton's three assignments of error, we affirm the decision of the Summit County Court of Common Pleas.
WHITMORE, J., BATCHELDER, J. CONCUR.