[Cite as *Cook v. JSO Holdings, L.L.C.*, 2015-Ohio-4675.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102491, 102770, and 102842**

**JACOB M. COOK**

PLAINTIFF-APPELLEE

vs.

**JSO HOLDINGS, L.L.C., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817048

**BEFORE:** Keough, J., Celebrezze, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEYS FOR APPELLANTS**

**For JSO Holdings**

Matthew D. Greenwell
Charles V. Longo Co., L.P.A.
25550 Chagrin Blvd., Suite 320
Beachwood, Ohio 44122

Todd D. Cipollo
33977 Chardon Road, Suite 100
Willoughby, Ohio 44094

**For Atlas Brothers, L.L.C., et al.**

George J. Argie
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio 44143

**ATTORNEYS FOR APPELLEE**

Dennis M. Coyne
1428 Hamilton Avenue
Cleveland, Ohio 44114

Leslie E. Wargo
McCarthy, Lebit, Crystal & Liffman Co.
101 West Prospect Ave.
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendants-appellants, Atlas Brothers, L.L.C. and Brian Tuskan ("appellants"), appeal from the trial court's judgment denying their motion for a judgment notwithstanding the verdict regarding the jury's award of attorney fees to plaintiff-appellee, Jacob M. Cook ("Cook"). Appellants contend that the trial court erred in denying their motion because the jury awarded attorney fees in the absence of an award of punitive damages. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} In September 2012, Cook entered into a written agreement with defendants David Lonchar ("Lonchar"), JSO Holdings, L.L.C. ("JSO"),[1] and appellants whereby he agreed to pay $37,552.50 to satisfy the city of Shaker Heights' point-of-sale escrow requirement so that Lonchar, JSO, and appellants could purchase property in Shaker Heights. Lonchar, JSO, and appellants agreed to return the money to Cook upon its release from escrow by the city. Likewise, in return for Cook's payment of the escrow funds, Lonchar, JSO, and appellants agreed that Cook would receive a portion of the profit from the sale of the property after it was sold.

{¶3} Cook paid the escrow monies as agreed. However, unbeknownst to him, Tuskan placed the Shaker Heights escrow account solely in the name of his company, Atlas Brothers, L.L.C. Later, without notifying Cook and without his consent, Tuskan requested and received a disbursement of the funds from the Shaker Heights escrow account. Subsequently, despite demand, Lonchar, JSO, and appellants refused to repay Cook the monies withdrawn from the

---

[1]Defendants Lonchar and JSO Holdings are not part of this appeal.

escrow account. Likewise, Lonchar, JSO, and appellants did not pay Cook any monies as profit from the sale of the property.

{¶4} Cook filed a complaint for breach of contract, fraud, civil theft, conversion, and other torts relating to appellants' actions. Upon deliberation after trial, the jury answered 26 interrogatories relating to Cook's claims. As agreed by the parties, the trial court entered general verdicts based upon the jury's answers to the interrogatories. The jury found that appellants were liable for civil theft, although it awarded zero damages on this claim. The jury further found that appellants were liable for conversion of the escrow funds, and the trial court entered judgment against appellants in the amount of $34,969.75. The jury also found that the corporate veil regarding Atlas Brothers and Tuskan should be pierced.[2]

{¶5} In light of the jury's answers to the interrogatories, the trial court then submitted the issues of punitive damages and attorney fees to the jury. During this phase of deliberations, the jury declined to award punitive damages but awarded Cook his reasonable attorney fees. After a hearing to determine the amount of fees to be awarded, the trial court entered an attorney fee award of $64,400.42. The trial court subsequently denied appellants' motion for judgment notwithstanding the verdict on the issue of attorney fees, and this appeal followed.

## II. Analysis

{¶6} Appellants' brief sets forth two assignment of errors: (1) "The trial court erred as a matter of law in awarding attorney fees to plaintiff-appellee in the absence of an award of punitive damages by the jury"; and (2) "The trial court erred in denying appellants' motion for

---

[2]The jury found defendants JSO and Lonchar liable for breach of contract and fraud, and found that the corporate veil between JSO and Lonchar should be pierced.

judgment notwithstanding the verdict with regard to the award of attorney fees to plaintiff-appellee."

**{¶7}** Initially, we note that appellants' brief is not in compliance with the appellate rules because appellants combined their arguments under the first and second assignments of error into one section. Under App.R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Nevertheless, we will decide both issues on their merits rather than on a procedural basis.

**{¶8}** The gist of appellants' argument is that an award of punitive damages is a prerequisite to an award of attorney fees in a tort case, and the jury in this case declined to award punitive damages. Therefore, appellants contend, the trial court erred in awarding attorney fees to Cook and in denying their motion for judgment notwithstanding the verdict regarding attorney fees. But appellants' challenge to the legal soundness of the attorney fee award ignores the fact that such an award was within the parameters of the instructions that the trial court gave to the jury, which appellants did not object to at trial.

**{¶9}** The jury in this case was instructed that they would answer the interrogatories prepared by the parties, and the judge would enter judgment accordingly based upon their answers. With respect to Cook's civil theft claim, the jury was instructed that "[a]nyone injured in person or property by a criminal act has and may recover damages in a civil action unless specifically exempted by law, and may recover the costs of maintaining the civil action and attorney fees." Appellants did not object to the jury instructions and after the judge had finished instructing the jury, informed the trial court there was nothing further to add to the instructions.

{¶10} Before the jury retired to deliberate, counsel met in chambers with the judge to review the interrogatories. After some changes were made, all counsel informed the judge that they were satisfied with the interrogatories. After the jury answered the interrogatories, counsel again met with the judge to review the interrogatories regarding punitive damages and attorney fees to be submitted to the jury for the next phase of its deliberations. As relevant to this appeal, jury interrogatory No. 2 asked, "Do you find that the Plaintiff should be awarded punitive damages against Atlas Brothers/Tuskan as it relates to your finding of conversion?" Jury interrogatory No. 6 asked, "Should reasonable attorney fees be awarded to the Plaintiff against Atlas Brothers/Tuskan?" Appellants raised no objection to the interrogatories. Appellants also raised no objection to the subsequent instructions to the jury that "[a]s it relates to your findings on the interrogatories, you may consider attorney fees."

{¶11} When the jury returned from its deliberations regarding punitive damages and attorney fees, the judge reviewed the jury's answers to the interrogatories in court. The judge indicated that the jury had answered that no punitive damages were to be awarded against appellants, but had answered "yes" to the interrogatory regarding whether reasonable attorney fees should be awarded to Cook against appellants. Appellants' counsel raised no objection to the jury's award of attorney fees in the absence of punitive damages, and responded "no" when asked by the judge if there was anything further to address before court adjourned.

{¶12} It is apparent that the jury followed its instructions and, as it was instructed that it could award attorney fees, it did so. The jury was not instructed that it must first find bad faith and award punitive damages before awarding attorney fees; it was instructed that it could award attorney fees if it found for Cook on his civil theft claim. When the jury entered the second phase of its deliberations to determine punitive damages and attorney fees, the trial court again

instructed the jury that it could award attorney fees, and the jury interrogatories regarding punitive damages and attorney fees made no mention that attorney fees could only be awarded upon a finding of punitive damages.

{¶13} It is clear from the record that appellants acquiesced in allowing the issue of attorney fees, without the requirement of an award of punitive damages, to go to the jury. It is well settled that parties may not wait until after trial to challenge the legal soundness of jury instructions through a motion for judgment notwithstanding the verdict when they raised no objection to those instructions before they were given to the jury. *QSP, Inc. v. Gibson*, 8th Dist. Cuyahoga Nos. 86054 and 86457, 2005-Ohio-6346, ¶ 36; Civ.R. 51(A). Moreover, it is well settled that errors arising during the course of trial that are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus. The Ohio Supreme Court has repeatedly stressed that to preserve an issue for appeal, a party must "timely advise a trial court of possible error, by objection or otherwise[.]" *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). Thus, absent an objection, we review for plain error. *Franklin v. Berea*, 8th Dist. Cuyahoga No. 93894, 2010-Ohio-4350, ¶ 36.

{¶14} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss* at syllabus. Based on the record before us, we cannot say that this is the rare case that requires us to invoke the plain error doctrine.

{¶15} This case is remarkably similar to *Goodrich Corp. v. Commercial Union Ins. Co.*, 9th Dist. Summit Nos. 23585 and 23586, 2008-Ohio-3200, where the Ninth District affirmed the denial of a motion for judgment notwithstanding the verdict regarding an award of attorney fees. In that case, the appellants argued that the trial court should have granted their JNOV motion and vacated the attorney fee award because the jury failed to find malice or bad faith on the part of either defendant. The Ninth District reasoned that the appellants were essentially challenging the trial court's jury instruction that the jury could award attorney fees as a component of compensatory damages. The court found that the trial court gave the parties "every opportunity" to have input into the jury instructions and interrogatories, but the appellants never attempted to correct the alleged error at the appropriate time. *Id.* at ¶ 74. Thus, the court held that the trial court had not erred in failing to correct an alleged error that the appellants had acquiesced in and waited to raise until after they received an unfavorable decision by the jury. *Id. See also QSP, supra* (appellant waived any issue regarding attorney fees where appellant indicated at trial that it had submitted a "proper" interrogatory regarding attorney fees and did not object to jury instructions regarding the interrogatory).

{¶16} Likewise, in *Siuda v. Howard*, 1st Dist. Hamilton Nos. C-000656 and C-000687, 2002-Ohio-2292, the appellants challenged the trial court's award of attorney fees to the plaintiffs, arguing that an award of punitive damages is a prerequisite for an award of attorney fees in a tort case. The First District found that the general verdict form did not include an instruction allowing for the consideration of attorney fees only upon an award of punitive damages, and that appellant's counsel had not objected to the form during conference with the judge about the interrogatories and verdict form, or during the trial court's instructions to the jury. The court found no plain error in the award of attorney fees because the verdict form

reasonably led the jurors to believe that they had the legal authority to award attorney fees without awarding punitive damages, and appellants' failure to object to the verdict form "directly contributed" to the error appellants raised on appeal. *Id.* at ¶ 72.

{¶17} Similarly, in *Capretta v. Goodson*, 8th Dist. Cuyahoga No. 76932, 2000 Ohio App. LEXIS 5962 (Dec. 18, 2000), this court noted that the plaintiff's failure to object to jury instructions that did not condition an award of attorney fees upon an award of punitive damages, and indeed his "affirmative assertion" that he had no objection to the instructions when given an opportunity to challenge them before the jury retired, "directly contributed" to the errors of which he complained on appeal. *Id*. at *15. Accordingly, this court found no error in the trial court's denial of the plaintiff's motion for judgment notwithstanding the verdict regarding attorney fees where plaintiff had raised no objection to the jury instructions and verdict forms.

{¶18} Our review of the record demonstrates that the jury instructions and interrogatories reasonably led the jury to believe they could award attorney fees without awarding punitive damages, and despite multiple opportunities to do so, appellants failed to raise any objection to the instructions and interrogatories at a time when the trial court could have corrected the alleged error. Their failure to do so directly contributed to the error of which they now complain. Accordingly, we find no plain error in the trial court's award of attorney fees to Cook and its denial of appellants' motion for judgment notwithstanding the verdict regarding attorney fees.

{¶19} The first and second assignments of error are overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
TIM McCORMACK, J., CONCUR